THE STATE EX REL. HOAG *v.* LUCAS COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Hoag v. Lucas Cty. Bd. of Elections,*

**125 Ohio St.3d 49, 2010-Ohio-1629.]**

*Prohibition — Writ to prevent a board of elections from placing names on primary ballot — Standing — Writ denied.*

(No. 2010-0488 — Submitted April 6, 2010 — Decided April 13, 2010.)

IN PROHIBITION

_____

**Per Curiam.**

{¶ 1}  This is an expedited election action for a writ of prohibition to prevent respondent, the Lucas County Board of Elections, from placing the names of 52 persons on the May 4, 2010 primary-election ballot as candidates for members of the Lucas County Republican Party Central Committee in various county precincts.  Because the board of elections neither abused its discretion nor clearly disregarded applicable law in denying protests against these candidacies based on a lack of standing, we deny the writ.

**Facts**

{¶ 2}  The 52 persons whose candidacies are at issue in this case filed declarations of candidacy and accompanying petitions with the board of elections to have their names placed on the May 4, 2010 ballot for election in their respective precincts as members of the Lucas County Republican Party Central Committee.  They filed their petitions with the board before the February 18, 2010 filing deadline.  Each candidate signed the declaration of candidacy, specifying a voting-residence address and specifying that each was "a qualified elector in [his or her] precinct" before the petition was circulated.  Every

candidate submitted a voter-registration card before or at the same time that the declaration of candidacy was filed.

{¶ 3} On February 25, 2010, the board of elections certified the validity and sufficiency of each of the candidates' petitions. Relator, Paul M. Hoag, is a resident of Springfield Township, Lucas County, Ohio. On February 27, 2010, Hoag filed protests against the candidacies of 52 persons who he contended had signed their declarations of candidacies before they were registered to vote at the addresses listed in them. Hoag claimed to file his protest in his capacity as chair of the Lucas County Republican Party Central Committee and on the committee's behalf. As Hoag concedes, however, his status as chair or representative of the committee is being challenged by a rival faction, which claims to be the legitimate committee representing the Lucas County Republican Party. The board of elections certified to the Ohio Republican Party State Central Committee the issue of which competing group was in control of the county central committee, but the state central committee has not made a decision. In *Gallagher v. Lucas Cty. Bd. of Elections*, Lucas C.P. No. CI-201001192-000, the Lucas County Court of Common Pleas held on February 18, 2010, that neither competing group complied with the applicable requirements of R.C. 3517.04 and ordered the state central committee to resolve the matter.

{¶ 4} On March 4, 2010, the board conducted a hearing on Hoag's protests against the candidacies. The board of elections denied Hoag's protests because he lacked standing to bring them. The board also followed the secretary of state's advice in deciding to place the 52 candidates' names on the primary-election ballot.

{¶ 5} On March 17, Hoag filed this expedited election action for a writ of prohibition to prevent the board of elections from placing the names of the challenged candidates on the primary-election ballot. We granted the motion of the Lucas County Republican Party and John Lavelle, one of the candidates Hoag

2

seeks to remove from the ballot, to intervene as additional respondents. Respondents filed answers, and the parties submitted evidence and briefs pursuant to S.Ct.Prac.R. 10.9.

{¶ 6} This cause is now before the court for our consideration of the merits.

### Legal Analysis

{¶ 7} To establish his entitlement to the requested extraordinary relief in prohibition, among other things, Hoag "must prove that the board of elections engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or other pertinent law." *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766, ¶ 8; see also *State ex rel. Tremmel v. Erie Cty. Bd. of Elections*, 123 Ohio St.3d 452, 2009-Ohio-5773, 917 N.E.2d 792, ¶ 15. The dispositive issue is whether Hoag has established that the board of elections abused its discretion or clearly disregarded applicable law by denying his protests based on lack of standing.

{¶ 8} R.C. 3513.05, which relates to declarations of candidacy and petitions for primary elections, governs the procedure for Hoag's protest against the 52 candidacies. Hoag claims that he had the requisite standing under the statute to file his protests against the candidacies of the 52 persons. Therefore, because the statutory protest was, by Hoag's own admission, available and applicable to his claim, it constituted an adequate remedy in the ordinary course of law that he had to pursue before filing this extraordinary-writ action. *State ex rel. Miller Diversified Holdings, L.L.C. v. Wood Cty. Bd. of Elections*, 123 Ohio St.3d 260, 2009-Ohio-4980, 915 N.E.2d 1187, ¶ 21.

{¶ 9} Under R.C. 3513.05, "[p]rotests against the candidacy of any person filing a declaration of candidacy for party nomination or for election to an office or position, as provided in this section, may be filed by any qualified elector who is a member of the same political party as the candidate and who is

eligible to vote in the primary election for the candidate whose declaration of candidacy the elector objects to, or by the controlling committee of that political party." Although Hoag has submitted evidence that he is a member of the Republican Party, he has not provided evidence or argument that he is eligible to vote in the primary election for any of the 52 candidates he challenges. In fact, the board has submitted uncontroverted evidence that Hoag is not a qualified elector eligible to vote in any of the candidates' races.

{¶ 10} Therefore, to be entitled to submit his protests against these candidates, Hoag must have filed them on behalf of the controlling committee of the Lucas County Republican Party. But as Hoag himself concedes, his status as chair of the Lucas County Republican Party Central Committee is disputed, and his claim has been submitted by the board of elections to the Ohio Republican Party State Central Committee for resolution. See R.C. 3517.05 ("If more than one organized group claims to be the rightful county central or executive committee, each such group shall file a list of its officers and members as provided in section 3517.06 of the Revised Code, and the board of elections with which such lists are filed shall certify them to the state central committee of the party concerned. The state central committee shall meet within thirty days after receipt of such certification and forthwith determine and certify which committee shall be recognized as the rightful county central or executive committee").

{¶ 11} The Lucas County Court of Common Pleas has ruled that neither competing group has complied with the applicable requirements of R.C. 3517.04. And as the intervening respondents assert, there is no evidence that the county central committee authorized Hoag to file the protests on its behalf.

{¶ 12} Under these circumstances, Hoag failed to establish that he was a representative of the controlling committee of the Lucas County Republican Party so as to entitle him to file protests pursuant to R.C. 3513.05 against the candidacies of the 52 persons. Notably, Hoag did not submit a copy of a

4

transcript of the board hearing on his protests as part of the evidence before us, and we must therefore presume the regularity of the board's determination. *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 39, 671 N.E.2d 1; *State ex rel. Duncan v. Portage Cty. Bd. of Elections*, 115 Ohio St.3d 405, 2007-Ohio-5346, 875 N.E.2d 578, ¶ 17. Insofar as there may have been conflicting evidence on the pertinent issues at the board's hearing, we cannot substitute our judgment for that of the board. *State ex rel. Eshleman v. Fornshell*, 125 Ohio St.3d 1, 2010-Ohio-1175, __ N.E.2d __, ¶ 18.

**{¶ 13}** Accordingly, Hoag did not meet his burden of establishing that the board of elections abused its discretion or clearly disregarded R.C. 3513.05 by denying his protests because he lacked the requisite standing to protest the board's certification of the 52 candidates' names to the primary-election ballot.

### Conclusion

**{¶ 14}** Therefore, because Hoag has not established his entitlement to the requested extraordinary relief in prohibition, we deny the writ.

Writ denied.

PFEIFER, ACTING C.J., and LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., concur.

O'CONNOR and LANZINGER, JJ., not participating.

The late CHIEF JUSTICE THOMAS J. MOYER did not participate in the decision in this case.

_____

Shumaker, Loop & Kendrick, L.L.P., Douglas G. Haynam, and Scott R. Branam, for relator.

Julia R. Bates, Lucas County Prosecuting Attorney, and Stephen J. Papadimos, John A. Borell, and Andrew K. Ranazzi, Assistant Prosecuting Attorneys, for respondent.

Anthony J. DeGidio; and Ciolek Ltd. and Scott A. Ciolek, for intervening respondents.

————————————