Cupp, J.
{¶ 1} The issue before the court is whether the court of appeals abused its discretion when it imposed Civ.R. 11 sanctions against appellant, Brian Bardwell, for filing a pro se public-records mandamus complaint in bad faith. For the following reasons, we hold that the court did not abuse its discretion, and we affirm the judgment of the court of appeals.
Facts
{¶ 2} On March 26, 2009, Bardwell personally requested three types of public records from the Cuyahoga County prosecutor: (1) the prosecutor’s records-retention schedule, (2) communications between the Cuyahoga County Board of Commissioners and the Cleveland Plain Dealer regarding an economic-development project involving county and private developers, and (3) drafts of the agreement relating to the project. Later that day, the prosecutor provided Bardwell its record-retention schedule.
{¶ 3} On March 27, 2009, the prosecutor’s office provided Bardwell with communications between the commissioners and the Cleveland Plain Dealer regarding the project, including a March 19, 2009 e-mail from counsel for the Cleveland Plain Dealer requesting that the county provide the Plain Dealer with drafts of the agreements relating to the project. The e-mail asks for “drafts of the agreement contracts that the county possesses that also have been shared with representatives of the organization that would enter into the contract with the county.” But the prosecutor informed Bardwell in writing that drafts of contracts relating to the project were not subject to disclosure, because they were protected by attorney-client privilege, adding, “[W]hen an agreement is finalized *203 and ready to be submitted to the Board of County Commissioners for approval, the final agreement and drafts will be made available.”
{¶ 4} That same day, Bardwell filed a complaint in the Eighth District Court of Appeals seeking a writ of mandamus to compel the county to provide drafts of the economic-development agreement, among other records.
{¶ 5} The court of appeals denied the writ and sua sponte ordered Bardwell to show cause why the court should not impose sanctions under Civ.R. 11 or R.C. 2323.51. After the show-cause hearing, the court of appeals issued a decision that stated: “Bardwell’s filing of a complaint for mandamus, which was groundless in fact and legal argument, can only be the result of a willful action and constitutes bad faith. Thus, we find that Bardwell consciously violated Civ.R. 11 and that sanctions must be imposed.” State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs., Cuyahoga App. No. 93058, 2009-Ohio-5573, 2009 WL 3387654, ¶ 14.
{¶ 6} Thereafter, Bardwell filed this appeal.
Civ.R. 11
{¶ 7} Civ.R. 11 provides: “The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney’s or party’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court’s own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.” (Emphasis added.)
{¶ 8} “Civ.R. 11 employs a subjective bad-faith standard to invoke sanctions by requiring that any violation must be willful.” State ex rel. Dreamer v. Mason, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, at ¶ 19, citing Riston v. Butler, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 9; Ransom v. Ransom, Warren App. No. 2006-03-031, 2007-Ohio-457, 2007 WL 313465, ¶ 25. This court has described bad faith as “ ‘a general and somewhat indefinite term. It has no constricted meaning. It cannot be defined with exactness. It is not simply bad judgment. It is not merely negligence. It imports a dishonest purpose or some moral obliquity. It implies conscious doing of wrong. It means a breach of a known duty through some motive of interest or ill will. It partakes of the nature of fraud. * * * It means “with actual intent to mislead or deceive another.” ’ ” Slater v. Motorists Mut. Ins. Co. (1962), 174 Ohio St. 148, 151, 21 O.O.2d 420, 187 N.E.2d 45, overruled on other grounds in Zoppo v. Homestead *204 Ins. Co. (1994), 71 Ohio St.3d 552, 644 N.E.2d 397, quoting Spiegel v. Beacon Participations, Inc. (1937), 297 Mass. 398, 416, 8 N.E.2d 895. See also Black’s Law Dictionary (9th Ed.2009) 159 (bad faith is “[dishonesty of belief or purpose”). Under Civ.R. 11, a court can impose sanctions only when the attorney or pro se litigant acts willfully and in bad faith by filing a pleading that he or she believes lacks good grounds or is filed merely for the purpose of delay.
{¶ 9} We review sanctions imposed pursuant to Civ.R. 11 under an abuse-of-discretion standard. Dreamer, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 18 (“We will not reverse a court’s decision on a Civ.R. 11 motion for sanctions absent an abuse of discretion”). As long as some competent, credible evidence exists to support the court of appeals’ judgment, no abuse of discretion occurred, and we cannot substitute our judgment for that of the court of appeals and reverse the judgment. See State ex rel. Grein v. Ohio State Hwy. Patrol Retirement Sys., 116 Ohio St.3d 344, 2007-Ohio-6667, 879 N.E.2d 195, ¶ 1 (“Because the court of appeals did not abuse its discretion in denying the writ when there was sufficient evidence to support the retirement system’s decisions to deny benefits, we affirm”); Harris v. Mt. Sinai Med. Ctr., 116 Ohio St.3d 139, 2007-Ohio-5587, 876 N.E.2d 1201, ¶ 40 (no abuse of discretion by trial court if competent, credible evidence supports its order for a new trial); State ex rel. Hoag v. Lucas Cty. Bd. of Elections, 125 Ohio St.3d 49, 2010-Ohio-1629, 925 N.E.2d 984, ¶ 12; Cross v. Ledford (1954), 161 Ohio St. 469, 478-479, 53 O.O. 361, 120 N.E.2d 118 (reviewing court will not substitute its judgment for that of the trier of fact if there is conflicting evidence on an issue); and McDonald v. Berry (1992), 84 Ohio App.3d 6, 9, 616 N.E.2d 248 (no abuse of discretion by trial court in assessing Civ.R. 11 sanctions “where there is evidence to support the decision”).
Public-Records Law
{¶ 10} “The Public Records Act reflects the state’s policy that ‘open government serves the public interest and our democratic system.’ State ex rel. Dann v. Taft, 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. The purpose of the act is ‘to expose government activity to public scrutiny, which is absolutely essential to the proper working of a democracy.’ State ex rel. WHIO-TV-7 v. Lowe (1997), 77 Ohio St.3d 350, 355, 673 N.E.2d 1360. In accordance with this salutary purpose, ‘[w]e construe R.C. 149.43 [“availability of Public Records”] liberally in favor of broad access and resolve any doubt in favor of public records.’ State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs., 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 17.” State ex rel. Morgan v. Strickland, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 9.
{¶ 11} Imposition by a court of Civ.R. 11 sanctions upon a public-records requester in the absence of clear evidence that he or she acted willfully and in *205 bad faith has the potential to chill public-records requests and reduce the transparency of government. Thus, courts must be very careful before imposing sanctions in a public-records case.
Evidence Supporting Sanctions under Civ.R. 11
{¶ 12} On appeal, Bardwell contends that the court of appeals abused its discretion in imposing Civ.R. 11 sanctions against him because “[t]he record provides absolutely no indication that [he] acted in bad faith by asserting violations of the Ohio Public Records Act predicated upon the Commissioners’ refusal to provide non-privileged draft contracts.” The commissioners assert that at the time Bardwell filed his mandamus complaint, many of the claims were groundless, and that such conduct is indicative of Bardwell’s bad faith. Despite the commissioners’ assertions, Bardwell’s claims may well have merit. Yet upon review of the record on appeal, we cannot agree with Bardwell’s claim that the court of appeals abused its discretion in imposing Civ.R. 11 sanctions against him.
{¶ 13} In its review of this case, the appellate court observed that Bardwell did not introduce any exhibits at the show-cause hearing. State ex rel. Bardwell, 2009-Ohio-5573, 2009 WL 3387654, ¶ 7. There is also no testimonial evidence from the show-cause hearing because Bardwell failed to request a court reporter to transcribe the hearing. Id. at fn. 1.
{¶ 14} When an appeal is filed in this court without a transcript, we generally presume the regularity of that proceeding and affirm. Hoag, 125 Ohio St.3d 49, 2010-Ohio-1629, 925 N.E.2d 984, ¶ 12, citing Christy v. Summit Cty. Bd. of Elections (1996), 77 Ohio St.3d 35, 39, 671 N.E.2d 1; State ex rel. Duncan v. Portage Cty. Bd. of Elections, 115 Ohio St.3d 405, 2007-Ohio-5346, 875 N.E.2d 578, ¶ 17. Similarly, without the benefit of the evidence that was before the court of appeals, this court “ ‘has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court’s proceedings, and affirm.”’ Crane v. Perry Cty. Bd. of Elections, 107 Ohio St.3d 287, 2005-Ohio-6509, 839 N.E.2d 14, ¶ 37, quoting Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384. These general principles, in fact, compose the argument made by the county commissioners in their merit brief to this court. In return, Bardwell has not rebutted or even addressed this argument in either of his merit briefs. Thus, because Bardwell has failed to assure this court that it has the complete record of the evidence upon which the court of appeals decided this matter, we must presume the validity of the court of appeals’ award of sanctions. We cannot substitute our judgment for that of the court of appeals.
{¶ 15} Notwithstanding the application of the foregoing presumption, we also conclude that the court of appeals sufficiently detailed its rationale for the decision to impose sanctions. The court of appeals’ opinion specified multiple *206 reasons, including many that are not rebutted on appeal by Bardwell, to support its finding of bad faith:
{¶ 16} “In the case sub judice, we find that Bardwell willfully violated Civ.R. 11 by filing a complaint for a writ of mandamus in bad faith. Our finding of bad faith is based upon the following: (1) Bardwell failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that an extraordinary writ must be supported by a sworn affidavit that specifies the details of the claim; (2) a period of only one day lapsed between the making of Bardwell’s request for public records and the filing of the complaint for a writ of mandamus; (3) Bardwell was promptly provided with a copy of the requested records retention schedule, thus rendering his request moot; (4) Bardwell was promptly provided with all public records that were not exempt from disclosure, thus rendering his request moot; (5) Bardwell was promptly provided with a detailed explanation, with supporting legal precedent, with regard to the exempted records; (6) Bardwell’s request for records was not overly broad, but very specific, which did not necessitate that the Prosecutor provide an opportunity to revise the request; (7) all requested nonexempt records were promptly provided, thus negating any claim that the Prosecutor did not properly organize and maintain its records; (8) Bardwell faded to establish any “lost use” that resulted from a casual request for his identity; (9) Bardwell was provided with copies of all exempted records, within ten business days of the request; (10) Bardwell failed to amend his complaint for a writ of mandamus to take into consideration the records provided by the Prosecutor; and (11) Bardwell failed to file a brief in opposition to the Prosecutor’s motion for summary judgment, which contained a properly executed sworn affidavit and other exhibits.” Bardwell, 2009-Ohio-5573, 2009 WL 3387654, at ¶ 14.
{¶ 17} Based on the foregoing, it is clear that the court of appeals considered the testimony and exhibits submitted by the parties at the show-cause hearing and concluded that sanctions should be imposed against Bardwell for filing a public-records mandamus complaint in bad faith and in willful violation of Civ.R. 11. Bardwell, 2009-Ohio-5573, 2009 WL 3387654, at ¶ 1, 7. Accordingly, we hold that the court of appeals did not abuse its discretion, and we affirm the judgment of the court of appeals.
Judgment affirmed.
Lundberg Stratton, O’Connor, O’Donnell, and Lanzinger, JJ., concur.
Brown, C.J., and Pfeifer, J., dissent.