[Cite as *In re Estate of McCauley*, 2014-Ohio-2518.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| IN THE MATTER OF: THE ESTATE | : | Hon. William B. Hoffman,  P.J. |
| OF CLETUS P. MCCAULEY, | : | Hon. W. Scott Gwin, J. |
| DECEASED | : | Hon. John W. Wise, J. |
| | : | |
| | : | |
| | : | Case No. 2013CA00193 |
| | : | |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Civil appeal from the Stark County Court of
                                                          Common Pleas, Probate Division, Case
                                                          No.209512


JUDGMENT:                                      Affirmed


DATE OF JUDGMENT ENTRY:         June 9, 2014

APPEARANCES:

For-Appellants                                   For-Appellee

CRAIG CONLEY                                  JOHN FRANK
604 Huntington Plaza                          3930 Fulton Drive N.W.
220 Market Avenue South                    Suite 102-A
Canton, OH  44702                              Canton, OH  44718

*Gwin, P.J.*

{¶1}   Appellants Paula A. Clark, Jennifer M. Fricke and Emily R. Clark appeal the  September 23, 2013 Judgment Entry from the Stark County Court of Common Pleas, Probate Division dismissing their exceptions to the second partial account that appellee filed for the McCauley Estate on July 26, 2013. Appellee is John R. Frank, administrator with will annexed (WWA) of the McCauley Estate.

*Facts and Procedural History*

{¶2}   This appeal involves the Estate of Cletus P. McCauley (McCauley Estate). Mr. McCauley died on December 23, 2008. His daughter, Paula A. Clark (Ms. Clark), who was appointed to serve as executrix, opened Mr. McCauley's estate at the Stark County Probate Court (Probate Court) on December 30, 2008. The Probate Court: (1) removed Ms. Clark as the McCauley Estate executrix on July 13, 2010; and (2) appointed Appellee John R. Frank (appellee) to serve as administrator with will annexed (WWA) of the McCauley Estate on July 28, 2010.

{¶3}   Ms. Clark and her two adult daughters, Jennifer M. Fricke and Emily R. Clark, are the appellants in the instant appeal. They base their standing in this matter upon their status as a beneficiary of the McCauley Estate and/or as a remainder beneficiary of the wholly discretionary special needs trust, which Mr. & Mrs. McCauley created for their disabled adult son, Kevin L. McCauley (Kevin) in May 2007.

{¶4}   This appeal involves the appellants' filing of their exceptions to the second partial account that appellee filed for the McCauley Estate on July 26, 2013.

{¶5}   At the beginning of the exceptions hearing on September 18, 2013, appellee verbally moved to dismiss the appellants' exceptions for failure to prosecute.

Appellee based the motion to dismiss upon the appellants' failure to appear at the exceptions hearing that they requested; however, appellants' attorney was present at the hearing. The Probate Court granted appellee's motion. On September 23, 2013, the Probate Court issued the two judgment entries that are the subject of the instant appeal: (1) the judgment entry sustaining Mr. Frank's motion to dismiss the appellants' exceptions to his estate accounts; and (2) the judgment entry approving and confirming appellee's second partial estate account.

*Assignment of Error*

{¶6}   Appellants raise one assignment of error:

{¶7}   "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANTS' EXCEPTIONS TO FIDUCIARY'S ACCOUNT(S) FOR A PURPORTED FAILURE TO PROSECUTE SAME AT HEARING."

*Analysis*

{¶8}   Appellants maintain the trial court erred in dismissing their exceptions to the fiduciary's account(s) for failure to prosecute because appellants' attorney was present at the September 18, 2013 hearing even though appellants themselves were absent. Specifically, appellants contend the trial court never provided notice to appellants of its intention to dismiss, as required under Civ.R. 41(B)(1), prior to entering the subject dismissal. Further, there was no "failure to prosecute" below because appellants did timely appear before the trial court by and through their counsel of record.

{¶9}   Civ.R. 41(B)(1) provides:

Failure to Prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

{¶10} A trial court may dismiss an action pursuant to Civ.R. 41(B)(1) when a plaintiff fails to prosecute. *Asres v. Dalton*, 10th Dist. No. 05AP–632, 2006–Ohio–507, ¶12. However, the rule requires that a plaintiff receive notice before the dismissal, thereby affording the plaintiff an opportunity to correct the default, or explain why the case should not be dismissed with prejudice. Id., *citing Metcalf v. Ohio State Univ. Hosps.*, 2 Ohio App.3d 166, 167, 441 N.E.2d 299 (10th Dist. 1981); *Cecil & Geiser, L.L.P. v. Plymale*, 196 Ohio App.3d 322, 963 N.E.2d 233, 2011-Ohio-5468, ¶23 (10th Dist.). A party receives sufficient notice under that rule once it is informed that dismissal is a possibility and it has a reasonable opportunity to defend against dismissal. *Huntington Natl. Bank v. Zeune*, 10th Dist. No. 08AP–1020, 2009–Ohio–3482, ¶24; *Quonset Hut v. Ford Motor Co.*, 80 Ohio St.3d 46, 49, 684 N.E.2d 319 (1997). What constitutes notice and an opportunity to respond must be examined on a case-by-case basis. Notice needs to be formal but can be implied under circumstances that make it reasonable to do so. *Sazima v. Chalko*, 86 Ohio St.3d 151, 155–56, 712 N.E.2d 729, *citing Quonset Hut* at 49, 684 N.E.2d 319 (noting that "the notice required by Civ.R. 41[B][1] need not be actual but may be implied when reasonable under the circumstances."); *Cecil & Geiser* at ¶24.

{¶11} *In Metcalf v. Ohio State Univ. Hospitals*, 2 Ohio App.3d 166, 167, 441 N.E.2d 299, 301 (10th Dist.1981), the Court observed,

Had counsel actually appeared at trial, it would have been sufficient that the motion to dismiss be made in his presence for him to have received the required notice. See the decision of this court in *Midwestern Indemn. Co. v. Trans World Airlines, Inc.* (June 3, 1975), No. 75AP-57, unreported. However, since in this case plaintiff's counsel did not receive notice of the trial date, and was not present for trial, we are not permitted to infer to him any knowledge of a motion having been made to dismiss for failure of prosecution, pursuant to Civ.R. 41(B)(1).

{¶12} In the case at bar, the court scheduled the September 18, 2013 hearing date with counsel and all parties confirming their availability on that date. By Amended Hearing Notice, filed August 27, 2013, the Clerk of Court sent written notice of the time and date of the September 18, 2013 hearing to each party and their respective attorneys.

{¶13} The notice requirement exists in order to insure that, to the extent possible, cases are decided on the merits and that a party facing dismissal is given the opportunity to obey the court order in question by either curing the defect, proceeding with the matter or voluntarily dismissing the case without prejudice. *Perotti v. Ferguson*, 7 Ohio St.3d 1, 454 N.E.2d 951(1983). Such notice also provides the Court an opportunity to determine if the party's nonappearance at trial was in any way justified. *Carr v. Green*, 78 Ohio App.3d 487, 605 N.E.2d 431(10th Dist. 1992).

{¶14} In *Ford Motor Co. v. Potts*, 28 Ohio App.3d 93, 502 N.E.2d 255(10th Dist 1986), the Court observed,

Giving this defendant notice will afford her only an opportunity to explain the circumstances of her nonappearance-there is no requirement that the court relieve her of the consequences of her nonappearance, if it was inexcusable. The burden will be upon her to explain why her case should not be dismissed for failure of prosecution, or at least why any dismissal should be without prejudice. And, should the trial court accept her explanation that her nonappearance did not amount to failure of prosecution, it may still deem a lesser sanction than dismissal warranted-for example, ordering defendant to pay the expenses of the other parties, incurred as the result of her nonappearance.

Id. at 95, 502 N.E.2d 255. Accord, *Toney v. Berkemer*, 6 Ohio St.3d 455, 461, 453 N.E.2d 700, 705 (1983)("On the other hand, Civ.R. 41(B)(1) permits a court to dismiss an action for failure to comply with any court order upon motion of the defendant or upon the court's own motion. The court's action in this case is justified under Civ.R. 41(B)(1) because the court did issue an order and further determined that appellant failed to comply with that order. The standard under Civ.R. 41(B)(1) is also that a trial judge's dismissal of a case will not be reversed unless it constitutes an abuse of discretion. *Pembaur v. Leis, supra.*").

{¶15} The United States Supreme Court concluded in *Link v. Wabash RR. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734(1962), that the trial court has the power to dismiss with prejudice based upon the plaintiff's failure to appear at a pre-trial conference. The court stated that a court has inherent power to dismiss sua sponte for lack of prosecution because of the control necessary to "manage their own affairs so as

to achieve the orderly and expeditious disposition of cases." Id. at 630–31, 82 S.Ct. at 1389.

{¶16} The proceedings in the case at bar have been lengthy and at times contentious. This appeal represents the eighth time that this Court has considered the aftermath of the deaths of Cletus P. & Mary A. McCauley (Mr. & Mrs. McCauley) in 2008. See, Fifth District Court of Appeals Case Nos. 2010CA00123, 2010CA00131, 2010CA00195 (voluntarily dismissed by appellant), 2010CA00216 (Bankruptcy stay), 2011CA00272, 2012CA00238(voluntarily dismissed by appellant), and 2013CA00237. "In considering dismissal under Civ.R. 41(B)(1), a trial court may properly take into account the entire history of the litigation, including plaintiff's dilatory conduct in a previously filed, and voluntarily dismissed, action. See *Jones v. Hartranft* (1997), 78 Ohio St.3d 368, 372, 678 N.E.2d 530, 534; *Indus. Risk Insurers v. Lorenz Equip. Co.* (1994), 69 Ohio St.3d 576, 635 N.E.2d 14, at the syllabus." *Sazima v. Chalko*, 86 Ohio St.3d 151, 158, 712 N.E.2d 729, 735 (1999).

{¶17} We further note that a hearing was held on the record on September 18, 2013. However, no transcript of that hearing was filed in this case.

When an appeal is filed in this court without a transcript, we generally presume the regularity of that proceeding and affirm. *Hoag,* 125 Ohio St.3d 49, 2010-Ohio-1629, 925 N.E.2d 984, ¶ 12, citing *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 39, 671 N.E.2d 1; *State ex rel. Duncan v. Portage Cty. Bd. of Elections,* 115 Ohio St.3d 405, 2007-Ohio-5346, 875 N.E.2d 578, ¶ 17. Similarly, without the benefit of the evidence that was before the court of appeals, this court " 'has nothing

to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.' " *Crane v. Perry Cty. Bd. of Elections,* 107 Ohio St.3d 287, 2005-Ohio-6509, 839 N.E.2d 14, ¶ 37, quoting *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384.

*State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 127 Ohio St.3d 202, 2010-Ohio-5073, 937 N.E.2d 1274.

**{¶18}** In the case at bar, appellants have not provided this court with a transcript of the September 18, 2013 hearing. Absent a complete transcript, we are unable to review the facts underlying the trial court's decision to dismiss their exceptions to the fiduciary's account(s) for failure to prosecute.

**{¶19}** In *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, the Supreme Court of Ohio held the following,

> The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St. 2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that ' * * *the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.* * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has

no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)

Id. at 199, 400 N.E.2d 384.

{¶20} Our review of a Civ.R. 41(B)(1) dismissal with prejudice is limited to whether the trial court abused its discretion. *Jones v. Hartranft*, 78 Ohio St.3d 368, 371, 678 N.E.2d 530(1997). "'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140(1983), *quoting State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144(1980).

{¶21} In the case at bar, appellants were given notice of the trial court's intention to dismiss their exceptions to the fiduciary's account(s) for failure to prosecute when the motion was made in the presence of their attorney at the start of the September 18, 2013 hearing. Accordingly, appellants had the opportunity to explain their nonappearance to the trial court before the court issued its decision. Under these circumstances, we presume that the trial court did not find the absence of the appellants to be justified under the circumstances. By Judgment Entry filed November 13, 2013 this Court explicitly informed the appellants that,

Should this Court later determine a transcript was necessary, the consequences of failing to provide a complete record fall upon the Appellant[s]. See *Knapp v. Edwards Laborites* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.

{¶22} Under these circumstances, we presume that the evidence submitted at September 18, 2013 hearing supported the trial court's conclusion that appellants had not established that their absence was justified. *Knapp.*

{¶23} Appellants' sole assignment of error is overruled, and the judgment of the Stark County Court of Common Pleas, Probate Division, is affirmed.

By Gwin, J., and

Wise, J., concur;

Hoffman, P.J.,dissents

*Hoffman, P.J., dissenting*

{¶24} I respectfully dissent from the majority opinion.

{¶25} Unlike the majority, I do not find a transcript of the September 18, 2013 hearing necessary for resolution of this appeal. There appears to be no dispute between the parties as presented in their respective briefs to this Court, that Appellants' exceptions were dismissed because they were not personally present at the scheduled hearing. The trial court specifically notes their failure to appear in its entry. It seems abundantly clear the reason the trial court dismissed Appellants' exceptions for failure to prosecute was because they failed to personally appear at the hearing.

{¶26} I would reverse the trial court's dismissal as I find Appellants' counsel theoretically could prosecute the exceptions without testimony from Appellants themselves. It appears Appellants were not under subpoena and, though clearly given notice of the hearing date, were never ordered to appear.[1]

_____
HON. WILLIAM B. HOFFMAN

---

[1] I do not find error for failure to give advance notice of dismissal for failure to prosecute. See, *BAC Home Loans Servicing, L.P. v. Booth,* Stark App. No. 2011CA00161, 2012-Ohio-487.