[Cite as *Lehmkuhl v. Grady*, 2016-Ohio-7422.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Karen E. Lehmkuhl                  Court of Appeals No. L-15-1320
[Kevin Kenney]

                      Trial Court No. CI0201205450

      Appellee

v.

Sandra J. Grady, et al.             **DECISION AND JUDGMENT**

      Appellants                 Decided:  October 21, 2016

* * * * *

W. David Arnold and Chad M. Thompson, for appellee.

Ralph DeNune, III, Linde Hurst Webb and Daniel T. Ellis, for appellants.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a November 16, 2015 judgment of the Lucas County Court of Common Pleas, which denied appellants' Crim.R. 11 motion for sanctions against trial counsel for appellee.  For the reasons set forth more fully below, this court affirms the judgment of the trial court.

{¶ 2} Appellants, Sandra J. Grady and Mary Frances Grady-Balasko ("appellants"), set forth the following single assignment of error:

THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR SANCTIONS AGAINST ATTORNEY KEVIN KENNEY FOR VIOLATING CIV.R. 11.

{¶ 3} The following undisputed facts are relevant to this appeal. This case stems from a protracted situation of mistrust and adversarial interactions among a group of siblings from a Toledo family in connection to the end of life provision of care, passing away, and estate trusts of their late parents.

{¶ 4} The decedents, Thomas and Marjorie Grady, had four children born of their marriage: William Grady, Karen Lehmkuhl ("Lehmkuhl"), Sandra Grady ("Grady"), and Mary Frances Grady-Balasko. The record reflects, and the parties concede, a lengthy history of animosity. The record shows that the ongoing sibling hostilities were predominantly by Lehmkuhl towards Grady.

{¶ 5} Specifically, the record reflects a history of serious, ultimately unsubstantiated accusations of various forms of misconduct made by Lehmkuhl against Grady. Grady served as the primary caregiver of the parties' parents in their final years prior to passing away. Despite many years of litigation and discovery by Lehmkuhl, none of the unsupported accusations were subsequently substantiated.

{¶ 6} In the fall of 2001, Grady moved back to Toledo from Philadelphia in the wake of a serious decline in health of her parents in order to care for them in their family

2.

home. On July 10, 2002, Marjorie Grady, the mother of the parties to this case, passed away. In the fall of 2002, Grady returned to Philadelphia with her father and continued to care for him at her home in Pennsylvania.

{¶ 7} In the summer of 2005, given the worsening of her father's health, Grady and her father moved back to Toledo and resumed residency in the family home with Grady providing in-home care to her father, along with assistance by several other care providers.

{¶ 8} On October 4, 2007, in response to escalating tensions between Lehmkuhl and Grady, a lease was issued to Grady for her occupancy in the family home. This formal lease was prepared as an effort to protect Grady against a potential eviction filing by her estranged sibling immediately upon their father's death. On April 28, 2008, Thomas Grady passed away.

{¶ 9} With both of the parents now having passed away, family trust and probate matters began to commence. On April 3, 2009, the estate trustee forwarded an annual financial report and accounting to all of the beneficiaries, the decedents' children.

{¶ 10} Subsequently, on January 27, 2010, the estate trustee notified all of the beneficiaries of the required procedures to be executed in order to properly conclude and terminate the trusts of their late parents. On February 18, 2010, in conjunction with these mandatory procedures, the trustee issued a proposal for final distribution of the residual assets of the trusts.

3.

{¶ 11} Despite the above-described actions by the trustee, on January 17, 2012, counsel for Lehmkuhl demanded another full accounting and property inventory. Those documents had already been furnished to the beneficiaries. Accordingly, on July 10, 2012, counsel for the trust sent correspondence to counsel for Lehmkuhl reiterating that accounting and inventory reports had previously been directly provided to Lehmkuhl. Nevertheless, in September 2012, another updated financial accounting and inventory report was furnished to all beneficiaries.

{¶ 12} On September 20, 2012, Lehmkuhl filed a complaint against Grady. The complaint set forth a multitude of allegations of misconduct in connection to the family trusts. Ultimately, the discovery process ensued. On February 7, 2014, Grady's deposition was taken. Highly detailed deposition testimony was taken in connection to all trust expenditures made by Grady during the relevant time frames. On August 22, 2014, Lehmkuhl's deposition was taken. No evidence in support of the allegations set forth in Lehmkuhl's complaint resulted from the discovery process.

{¶ 13} Accordingly, on February 17, 2015, appellants filed for summary judgment regarding Lehmkuhl's complaint. On May 8, 2015, the trial court granted summary judgment to appellants as to each and every count outlined in the complaint. The trial court held in pertinent part, "Defendants have met their burden of pointing to specific record evidence that demonstrates *an absence of genuine material fact with respect to Lehmkuhl's claims against them * * * Lehmkuhl's self-serving affidavit is equally*

4.

*unavailing, as its conclusory attestations are unsupported by specific facts*." (Emphasis added.)

{¶ 14} On August 19, 2015, appellants filed a Civ.R. 11 motion for sanctions against trial counsel for appellee. On November 16, 2015, the motion was denied. The trial court held in pertinent part, "[T]he court finds that the motion for sanctions lacks merit because Grady and Belasco has not demonstrated that Kenney and/or Bingle acted maliciously, in bad faith, or with a motive of ill will, or knowingly file documents that had no basis in fact or were interposed only for delay." This appeal ensued.

{¶ 15} In the sole assignment of error, appellants maintain that the trial court erred in the denial of their Civ.R. 11 motion for sanctions against counsel for appellee following the summary judgment ruling in favor of appellants. We do not concur.

{¶ 16} Civ.R. 11 establishes in relevant part, "The signature of an attorney or pro se party constitutes a certificate by the attorney or party that * * * there is good ground to support it; and that it is not interposed for delay."

{¶ 17} Consistent with the above-quoted language of the rule, governing precedent pertinent to disputed Civ.R. 11 determinations establish a subjective bad faith burden of proof requirement to warrant the extreme remedy of Civ.R. 11 sanctions. This exacting standard is reflected in the seminal case of *State ex rel. Bardwell v. Cuyahoga County Bd. of Commrs.*, 127 Ohio St.3d 202, 2010-Ohio-5073, 937 N.E.2d 1274, ¶ 8, stating in pertinent part, "[A] court can impose sanctions only when the attorney or pro se litigant

5.

acts willfully and in bad faith by filing a pleading that he or she believes lacks good grounds or is filed merely for the purposes of delay."

{¶ 18} Lastly, appellate court review of the above-described type of disputed Civ.R. 11 motion determinations are conducted pursuant to the abuse of discretion standard. As such, we cannot overturn the trial court motion ruling in this matter absent convincing evidence that the decision was unreasonable, arbitrary or unconscionable. *Berk v. Matthews*, 53 Ohio St.3d 161, 559 N.E.2d 1301 (1990).

{¶ 19} In applying the above-controlling legal framework to this appeal, we find that while the record reflects a pattern of allegations being directed by Lehmkuhl against Grady that were ultimately shown to be without merit, the record does not encompass evidence that counsel for Lehmkuhl acted with malice, in bad faith, ill will, or filed the subject September 20, 2012 complaint knowing the document had no basis in fact or was interposed solely for delay.

{¶ 20} The fact that the record reflects that all of the allegations made by Lehmkuhl were shown to be without merit does not constitute proof of malice, bad faith, ill will, or the knowing filing of a complaint with the knowledge of no basis in fact, by legal counsel for Lehmkuhl.

{¶ 21} Wherefore, we find that appellants have not established that the trial court's denial of the Civ.R. 11 motion for sanctions against trial counsel for appellee, following the summary judgment ruling in favor of appellants, was unreasonable, arbitrary or

6.

unconscionable.  Appellants' assignment of error is hereby found not well-taken.  The judgment of the Lucas County Court of Common Pleas is hereby affirmed.  Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE