[Cite as *I.S. v. I.S.S.*, 2024-Ohio-2083.]

IN THE COURT OF APPEALS OF OHIO

TENNTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [I.S.], | : | |
| Petitioner-Appellee, | : | |
| | | No. 23AP-663 |
| v. | : | (C.P.C. No. 23DV-0732) |
| [I.S.S.], | : | (ACCELERATED CALENDAR) |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on May 30, 2024

**On brief:** [*I.S.S.*], pro se.[1] **Argued:** [*I.S.S.*].

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

MENTEL, P.J.

{¶ 1} Respondent-appellant, I.S.S., pro se, appeals from a November 1, 2023 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a Domestic Violence Civil Protection Order ("DVCPO") filed by petitioner-appellee, I.S. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 14, 2023, appellee filed a DVCPO against appellant. That same day, the trial court granted appellee's ex parte temporary DVCPO against appellant and set the matter for a full hearing. On April 24, 2023, the trial court continued the scheduled full hearing because appellant had not yet been served with the petition and notice of the hearing. (May 1, 2023 Order & Entry.) On May 25, 2023, the trial court continued the full hearing a second time citing other good cause, to wit: "ongoing trial." (May 25, 2023 Order & Entry.) On September 15, 2023, the trial court continued the full hearing a third time

---

[1] Appellee did not file a brief in this case.

based on "an ongoing 30+ day trial." (Capitalization omitted.) (Sept. 20, 2023 Order & Entry.) The full hearing was ultimately held on October 26 and October 27, 2023. Upon the completion of the full hearing, the trial court granted the DVCPO against appellant on November 1, 2023.

{¶ 3}   Appellant filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 4}   Appellant assigns the following as trial court error:

> [I.] Appellant, having been served with a protection order, was directed to attend court on May 25th, 2023. On the designated date and time, Appellant diligently appeared, only to be unjustly denied the opportunity to address the accusations and alleviate the court's concerns. Furthermore, Appellant was wrongly deprived of the right to present their case or engage with the appointed judge regarding the matter.

> [II.] Appellant's entitlement to have their case heard and adjudicated within 30 days, as mandated by Ohio Revised Code 3113.31, was unjustly denied. The prescribed procedure was not adhere to, resulting in a violation of Appellant's rights.

> [III.] Despite the Appellant issuing nearly 30 subpoenas, the court failed to summon all available individuals, neglecting to assess their knowledge of the case or determine the materiality of their testimony to the Appellant's case.

> [IV.] The Appellant, having obtained evidence pertaining to the mental stability of the Appellee, was unjustly denied the right to present this crucial evidence. In contrast, during opening statements, the Appellee was permitted to speak unchecked for over twenty minutes, delving into matters unrelated to the complaint. However, when it came time to present evidence, the Appellant was unduly restricted being informed that only evidence directly correlating to the Appellee's written statements would be admissible.

## III. LEGAL ANALYSIS

### A. Appellant's First and Second Assignments of Error

{¶ 5}   In appellant's first assignment of error, he alleges that the trial court deprived him of his right to present his case at the May 25, 2023 hearing. In appellant's second assignment of error, he alleges that the trial court erred by failing to hold a full hearing

within the statutory requirements of R.C. 3113.31. Because these assignments of error are intertwined, we will address them together.

{¶ 6} Pursuant to R.C. 3113.31, a petitioner may seek a DVCPO to enjoin the respondent from further violence against the family or household members. *Parrish v. Parrish*, 95 Ohio St.3d 1201, 1204, 2002-Ohio-1623. If a petitioner requests an ex parte order, the trial court must hold a hearing that same day. R.C. 3113.31(D)(1). At the conclusion of an ex parte hearing, the trial court, for "good cause shown," may issue a temporary order at petitioner's request. R.C. 3113.31(D)(1). If an ex parte DVCPO is put in place, due process and statutory requirements mandate that the trial court "schedule a full hearing" within seven court days and provide respondent "notice of, and an opportunity to be heard at, the full hearing." R.C. 3113.31(D)(2)(a). However, the trial court "may" grant a continuance of the full hearing to a reasonable time determined by the court when: (1) respondent has not been served with the petition and notice prior to the date of hearing; (2) the parties have consented to a continuance; (3) a continuance is necessary to allow a party to obtain counsel; or (4) the continuance is warranted for other good cause. R.C. 3113.31(D)(2)(a)(i) through (iv).

{¶ 7} While questions of statutory interpretation are questions of law that we review de novo, *see, e.g., State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, ¶ 15, citing *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 8, a trial court's determination whether to grant or deny a motion to continue is reviewed under an abuse of discretion analysis. *S.D. v. S.L*, 6th Dist. No. WD-23-006, 2023-Ohio-4575, ¶ 14, citing *R.H. v. J.H.*, 9th Dist. No. 18CA0115-M, 2020-Ohio-3402, ¶ 6, citing *State v. Unger*, 67 Ohio St.2d 65 (1981). An abuse of discretion connotes that the trial court's determination was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As appellate courts have long noted that when vesting the trial court with discretionary determinations, it is inevitable two trial court judges could have different conclusions on what constitutes "good cause." Diverging discretionary determinations, however, do not necessarily mean that either decision amounts to an abuse of discretion. *Waterford Tower Condominium Assn. v. TransAmerica Real Estate Group.*, 10th Dist. No. 05AP-593, 2006-Ohio-508, ¶ 19 (concluding that different discretionary determinations by

trial court judges "does not compel the finding that either judge committed an abuse of discretion").

{¶ 8} Appellant first claims that the trial court failed to hold a hearing within the requisite statutory period. R.C. 3113.31 directs that a full hearing must be scheduled within seven court days of the ex parte hearing. Upon review, we find that the trial court complied with this statutory directive as the April 24, 2023 full hearing was scheduled within seven court days of the April 14, 2023 ex parte hearing. The next question is whether the trial court abused its discretion by granting multiple continuances prior to the October 26, 2023 hearing.

{¶ 9} Preliminarily, we must resolve whether appellant waived his right to contest the grounds for the various continuances of the full hearing. On September 15, 2023, the trial court continued the full hearing until October 26, 2023 based on an "ongoing 30+ day trial." (Capitalization omitted.) (Sept. 20, 2023 Order & Entry.) The parties, including appellant, signed the September 20 order and continuance entry, which noted "[e]ach party waives the requirement for this matter to be concluded within thirty (30) days." (Sept. 20, 2023 Order & Entry.) Similarly, after the parties were not able to complete the full hearing on October 26, 2023, the trial court continued the case to resume the following day. The parties signed a final continuance entry that acknowledged they waived the requirement that this matter be concluded within 30 days. (Nov. 2, 2023 Order & Entry.) Furthermore, appellant failed to raise this issue with the trial court at any point during the full hearing. "It is axiomatic that a litigant's failure to raise an issue at the trial court level waives the litigant's right to raise that issue on appeal." *S.H. v. S.P.*, 10th Dist. No. 13AP-70, 2013-Ohio-3833, ¶ 22, citing *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 220 (1991), *overruled on other grounds* in *Collins v. Sotka*, 81 Ohio St.3d 506 (1998). Thus, appellant has waived the issue of whether the trial court abused its discretion by continuing the full hearing.

{¶ 10} Arguendo, even if the question of whether the trial court abused its discretion by continuing the full hearing was preserved, we still find appellant's second assignment of error unavailing. As set forth previously, R.C. 3113.31(D)(2) provides specific circumstances that permit the trial court to grant a continuance. We will address each continuance and the cited justification in turn.

{¶ 11} The trial court first continued the April 24, 2023 full hearing as appellant had not yet been served with the petition and notice of the full hearing. (May 1, 2023 Order & Entry.) R.C. 3113.31(D)(2)(a)(i) expressly permits the trial court to continue the hearing for this exact reason. The trial court continued the full hearing on two more occasions because of ongoing trials. "[A] court has supervisory control over its own docket and has the inherent authority to manage its own proceedings and grant continuances." *R.J.L. v. K.R.*, 8th Dist. No. 108228, 2019-Ohio-3667, ¶ 19, citing *State ex rel. Buck v. McCabe*, 140 Ohio St. 535, 537 (1942) (finding the trial court did not abuse its discretion by continuing a full hearing based on its "congested trial schedule"). We find that the trial court's continuances based on other ongoing trials were reasonable as they would fall under the category of "other good cause." R.C. 3113.31(D)(2)(a)(iv). The final continuance order was filed as the trial court needed an additional day to conclude the full hearing. Because of the number of witnesses that were subpoenaed by the parties, it is reasonable to conclude that the matter required an additional day of testimony. Moreover, appellant suffered no prejudice from the various continuances. With the additional time, appellant was able to familiarize himself with the petition and issue numerous subpoenas to witnesses to appear at the full hearing. Appellant acknowledges as much in his brief stating that the continuance "puzzled me, as it seemingly benefited me at the request of my accuser." (Appellant's Brief at 6.)

{¶ 12} For the foregoing reasons, we find that appellant waived the statutory requirements as evidenced by his signature on the two continuance entries and failure to raise the issue prior to the full hearing. Alternatively, we do not find that the trial court abused its discretion by continuing the full hearing as the cited justifications for the continuances fall under the statute's available exceptions.

{¶ 13} Appellant next claims that he was denied his right to be present during the May 25, 2023 hearing. Appellant argues that he never signed the May 25, 2023 order and entry and did not consent to the continuance. Appellant contends that he appeared for the May 25 hearing only to be informed that the matter was continued.

{¶ 14} The record indicates that appellee filed her ex parte order on April 14, 2023 and the original full hearing was scheduled for April 24, 2023. The trial court continued the April 24, 2023 hearing until May 25, 2023 due to the lack of service of the petition and

notice on appellant. (May 1, 2023 Order & Entry.) While appellant was apparently served with "the ex parte/petition continuance" on May 23, 2023, the order was not filed with the trial court until May 26, 2023. (Capitalization omitted.) (May 26, 2023 Order to Serve.) Accordingly, we can reasonably infer that the court was not aware of service on appellant until after the May 25, 2023 hearing was continued. While appellant claims that he "arriv[ed] [at the courthouse] early with the order in hand," we do not have a transcript of the May 25, 2023 proceedings to verify this claim. (Appellant's Brief at 6.) Given the lack of a transcript, we presume the regularity of trial court's proceeding as documented in the court's May 25, 2023 entry. *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.,* 127 Ohio St.3d 2020, 2010-Ohio-5073, ¶ 14, citing *State ex rel. Hoag v. Lucas Cty. Bd. of Elections,* 125 Ohio St.3d 49, 2010-Ohio-1629, ¶ 12, citing *Christy v. Summit Cty. Bd. of Elections*, 77 Ohio St.3d 35, 39 (1996). We also note that there is also some evidence that appellant was in fact out of the country at the time of the May 25, 2023 hearing. During the full hearing, appellant testified that "[he] did not get back from Morocco until May 28th." (Oct. 27, 2023 Tr. at 200.) Based on the date that the notice of service was filed with the trial court, as well as appellant's statement that he was out of the country on May 25, 2023, we find appellant's first assignment of error is without merit.

{¶ 15} Appellant's first and second assignments of error are overruled.

## B. Appellant's Third and Fourth Assignments of Error

{¶ 16} In appellant's third assignment of error, he contends that the trial court failed to summon all available individuals to testify at the full hearing. Similarly, appellant's final assignment of error argues the trial court erred by not allowing him to question appellee as to her mental stability but allowed appellee to testify on matters unrelated to the complaint without objection. As these assignments of error are interrelated, we will address them together.

{¶ 17} The heart of appellant's contention is that he was deprived of the ability to present his case during the hearing. Stated another way, appellant contends he was denied a "full hearing" under the statute. In cases where an appeal requires an analysis of R.C. 3113.31, we apply a de novo standard of review. *D.M.W. v. E.W.*, 10th Dist. No. 17AP-359, 2018-Ohio-821, ¶ 11, citing *Hope Academy Broadway Campus v. Ohio Dept. of Edn.*, 10th Dist. No. 07AP-758, 2008-Ohio-4694, ¶ 13.

{¶ 18} While R.C. 3113.31 requires a "full hearing," the statute does not define the term "full hearing." Generally, a "full hearing" "is one in which ample opportunity is afforded to all parties to make, by evidence and argument, a showing fairly adequate to establish the propriety or impropriety of the step asked to be taken." (Internal citation omitted.) *Tarini v. Tarini*, 10th Dist. No. 12AP-336, 2012-Ohio-6165, ¶ 14 (finding the deprivation of a "full hearing" as contemplated by R.C. 3113.31 constitutes not only a violation of the statute but a deprivation of due process). In cases where a protection order is contested, the trial court must "allow for presentation of evidence, both direct and rebuttal, as well as arguments." *Id.* However, the trial court is by no means required to allow every piece of evidence offered by the parties. The trial court is vested with the discretion to admit or exclude relevant evidence. *State v. Parker*, 10th Dist. No. 20AP-527, 2021-Ohio-3422, ¶ 11, citing *State v. Robb*, 88 Ohio St.3d 59, 69 (2000), citing *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus. " 'Absent an abuse of discretion, as well as a showing that the accused has suffered material prejudice, an appellate court will not disturb the ruling of the trial court as to the admissibility of evidence.' " *Parker* at ¶ 11, quoting *State v. Oteng*, 10th Dist. No. 14AP-466, 2015-Ohio-1231, ¶ 31.

{¶ 19} Appellant first argues that the trial court improperly restricted his witnesses to those that were "directly relevant to the accusation." (Appellant's Brief at 6.) Upon review of the hearing transcript, the trial court patiently waded through the many witnesses that appeared, in person and over Zoom, in compliance with the subpoenas issued by the parties. The trial court worked with the parties, both pro se litigations, to determine if each witness had relevant information to provide as to the allegations in appellee's affidavit.

{¶ 20} At the start of the hearing, the trial court informed the parties that it was going to first inquire of each witness their name, relationship to the parties, and information they may have in the case. (Oct. 26, 2023 Tr. at 4.) The trial court noted that the case is limited to the events in the allegation, and he would dismiss witnesses that were not relevant to the claims at issue. During the initial vetting of the subpoenaed individuals, the parties conferred with the trial court whether they believed a particular witness was relevant. If the witness was deemed irrelevant to the case, the trial court, upon consent of the parties, would then dismiss the witness. In cases where either parties, or the witnesses

themselves, believed they could provide relevant information, the trial court would proceed with the hearing or ask them to return the following day to testify. One witness, T.H., is most illustrative of the trial court's vetting process and its willingness to hear testimony. During the preliminary review of witnesses, the parties initially agreed that T.H. did not have any relevant information to provide in the case. However, T.H. insisted that he had evidence against appellant. (Tr. at 15.) The trial court permitted T.H. to testify the following day. Upon questioning, T.H. did not have any information about the marriage and did not have any relevant testimony. "I don't know what this case is even about to be honest with you." (Oct. 27, 2023 Tr. at 70.) The trial court then dismissed the witness. (Tr. at 73.) Throughout the hearing, the trial court afforded each party an equitable amount of time to present evidence and witnesses in their case. The trial court's efforts to limit the testimony to information relevant to the accusation was exceedingly reasonable and a laudable effort to protect the interests of both pro se litigants.

{¶ 21} Next, appellant claims that the trial court refused to allow a witness to testify despite its knowledge that they were outside the courtroom. However, appellant fails to identify in his brief the name of the witness or identify in the transcript where this issue arose. Our review of the record indicates that the trial court permitted the parties to present any and all witnesses that were relevant to the allegations in the case. App.R. 16(A)(7) requires an appellant's brief to include "the contentions of the appellant with respect to each assignment of error * * * and the reasons in support of the contentions, with citations to * * * parts of the record on which appellant relies." It is not the duty of this court to search the record for evidence in support of an appellant's argument as to any alleged error. (Further citations omitted.) *Estate of DeChellis v. DeChellis*, 5th Dist. No. 2018CA00153, 2019-Ohio-3078, ¶ 37. Appellant also seems to indicate that the trial court should have known that the additional witness should have been called to testify at the hearing. It is appellant's responsibility to call witnesses; if the trial court precludes a particular witness from providing testimony the issue must be preserved for appeal. While appellant is a pro se litigant, he is held to the same standard as litigants with legal representation. *C.W. v. J.S.*, 10th Dist. No. 21AP-284, 2022-Ohio-1951, ¶ 36, citing *JPMorgan Chase Bank, N.A. v. Cloyes*, 10th Dist. No. 20AP-107, 2021-Ohio-3316, ¶ 9, citing *In re Black Fork Wind*

*Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22.  Without any citation to the record, we find appellant's argument concerning the unidentified witness without merit.

{¶ 22} Next, appellant claims that the trial court impermissibly restricted the presentation of his case regarding appellee's mental stability while it let appellee offer evidence without interruption.  We disagree.  While questions as to a witness's mental health or stability are occasionally relevant, courts typically require expert testimony to connect how a witness's purported mental health diagnosis could affect their credibility.  *See, e.g., State v. Carson*, 1st Dist. No. C-180336, 2019-Ohio-4550, ¶ 26, citing *State v. Browning*, 98 Ohio App. 8, 11 (1st Dist.1954); Evid.R. 702.  Here, appellant failed to provide testimony from a physician, or like expert, qualified to testify as to how appellee's purported mental health issues would affect her credibility in this case.  Regardless, our review of the transcript reveals that appellant was still able to present his argument to the court based on his personal observations of appellee after their daughter passed away.  The trial court's restriction as to this issue did not deprive appellant of a "full hearing" under the statute.

{¶ 23} Finally, appellant argues that the trial court made no effort to hold the witnesses that failed to appear at the full hearing in contempt.  (Appellant's Brief at 7.)  "This court has generally defined 'contempt' as a 'disregard of, or disobedience to, an order or command of judicial authority.' "  *Boyd v. Boyd*, 10th Dist. No. 21AP-474, 2022-Ohio-4775, ¶ 9, quoting *Craig v. Gilchrist*, 10th Dist. No. 19AP-804, 2021-Ohio-2199, ¶ 2.  Pursuant to R.C. 2705.02 and its inherent powers, the trial court is authorized to punish the disobedience of its orders with contempt proceedings.  *Boyd* at ¶ 9.  " '[T]he primary interest involved in a contempt proceeding is the authority and proper functioning of the court, [and therefore] great reliance should be placed upon the discretion of the [court].' "  *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, ¶ 29, quoting *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 16 (1988).  Here, appellant failed to file a motion, or even make an affirmative request, that the absent witnesses be held in contempt.  The record reveals that appellant only made a passing inquiry into the issue during the full hearing:

> [I.S.S.]: But the people that didn't show up, say they're just, like, ignoring the subpoena, they probably would be found in contempt of court or what?

> The Court: There's a process. You can ask the court to find them in contempt of the subpoena. You probably want to read up on that process. I can't give you legal advice.

(Oct. 26, 2023 Tr. at 52-53.)

{¶ 24} R.C. 2705.02 expressly provides that a person guilty of disobedience of a court order "may" be punished for contempt. *Dureiko v. Dureiko*, 8th Dist. No. 94393, 2010-Ohio-5599, ¶ 14; *see also* Civ.R. 45(E). Given the facts of the case, we cannot find that the trial court erred by electing not to sua sponte hold the subpoenaed witnesses in contempt.

{¶ 25} Taking into consideration all the issues identified by appellant, we are not persuaded that the various restrictions imposed by the trial court's deprived appellant of a "full hearing" under the statute.

{¶ 26} Appellant's third and fourth assignments of error are overruled.

## IV. CONCLUSION

{¶ 27} Having overruled appellant's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

JAMISON and BOGGS, JJ., concur.

————————————