[Cite as *Allphase Restoration & Constr. v. Youngblood*, 2015-Ohio-4043.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Allphase Restoration and Construction, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-75 |
| v. | : | (C.P.C. No. 12CV-13067) |
| Lucille Youngblood et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

## D E C I S I O N

### Rendered on September 30, 2015

*Omar Tarazi*; *Freund, Freeze & Arnold*, and *Stephen C. Findley* for appellee.

*Chuparkoff & Junga LLP*, and *Mark A. Chuparkoff*, for appellants.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendants-appellants, Lucille and J.B. Youngblood, appeal a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Allphase Restoration and Construction ("Allphase"). For the following reasons, we affirm that judgment.

{¶ 2} On May 28, 2011, a fire damaged the Youngbloods' home.[1] While the fire still burned, an Allphase employee approached the Youngbloods and offered to repair the home. The Youngbloods did not initially accept that offer, but they hired Allphase to

---

[1] In setting forth the facts, we rely on the evidentiary materials attached to the summary judgment briefing.

pack, transport, and store their household belongings that survived the fire.  Later, the Youngbloods contracted with Allphase for the reconstruction of their home.

{¶ 3}   Allphase began reconstruction work after receiving a $50,000 payment from the Youngbloods.  As the work progressed, the Youngbloods became dissatisfied with Allphase's performance.  According to Lucille Youngblood, Allphase refused to correct the deficiencies in its work and materials and, ultimately, stopped all reconstruction work.  Allphase acknowledges that it did not complete the contracted-for work, but it contends that the Youngbloods forced it to stop working by refusing to allow performance to continue and failing to make the second payment due under the contract.

{¶ 4}   After the parties' relationship disintegrated, Allphase filed a breach-of-contract suit against the Youngbloods.  In response, the Youngbloods filed a counterclaim that included claims for breach of contract and violation of Ohio's Home Solicitation Sales Act ("HSSA") and Consumer Sales Practices Act ("CSPA").  Additionally, in a letter dated November 19, 2012, the Youngbloods notified Allphase that they were cancelling all contracts with Allphase.  The letter requested a refund of all money paid under the contracts (which amounted to $71,643.25), but Allphase did not return any money to the Youngbloods.

{¶ 5}   The Youngbloods moved for partial summary judgment, seeking judgment in their favor on their claims for violation of the HSSA and CSPA.  The Youngbloods argued that Allphase violated the HSSA and CSPA by not satisfying the requirements of R.C. 1345.23(A) and refusing to refund the $71,643.25 that the Youngbloods had paid to Allphase.  The trial court denied the Youngbloods' motion.  The trial court found that multiple questions of fact remained, which precluded the grant of summary judgment.

{¶ 6}   The parties tried their case before a jury.  Immediately prior to trial, Allphase filed a motion in limine requesting that the trial court limit the Youngbloods' recovery under the HSSA and CSPA to the $71,643.25 paid pursuant to the contracts between the parties.  The magistrate who presided over the trial orally granted that motion.

{¶ 7}   The jury returned a verdict for Allphase and awarded Allphase $66,804 in damages.  The magistrate issued a decision following the jury trial, but the Youngbloods

filed no objections to that decision. On September 2, 2014, the trial court entered judgment on the jury's verdict.

{¶ 8} The Youngbloods moved for judgment notwithstanding the verdict or, alternatively, a new trial. The trial court referred the motion to the magistrate who had presided over the trial. The magistrate issued a decision denying the motion, but, again, the Youngbloods failed to object to the decision. In a judgment dated January 5, 2015, the trial court denied the post-judgment motion.

{¶ 9} The Youngbloods now appeal from the January 5, 2015 judgment, and they assign the following errors:

> I. The Court of Common Pleas erred as a matter of law when it denied defendants' Motion for Summary Judgment as such was against the manifest weight of evidence presented.
>
> II. The Trial Court erred as a matter of law when it denied defendants' [sic] the right to choose their appropriate remedy at law and required them to pursue "rescission" of the agreement.
>
> III. The Trial Court erred as a matter of law when it denied defendants [sic] Motions for JNOV [sic] and New trial [sic].

{¶ 10} Initially, we must address Allphase's motion to strike the Youngbloods' brief and dismiss this appeal. Allphase moves to strike the brief and dismiss the appeal because the Youngbloods' brief does not (1) reference the places in the record where each assignment of error is reflected, as required by App.R. 16(A)(3); (2) contain a statement of issues presented for review, as required by App.R. 16(A)(4); (3) reference the record in support of the statement of facts, as required by App.R. 16(A)(6); or (4) cite the parts of the record on which the argument relies, as required by App.R. 16(A)(7).

{¶ 11} An appellate court may dismiss an appeal for the appellant's failure to follow the Rules of Appellate Procedure. App.R. 3(A); *Pack v. Hilock Auto Sales*, 10th Dist. No. 12AP-48, 2012-Ohio-4076, ¶ 14. However, this court prefers to resolve cases on their merits rather than on procedural default. *Id.*; *Whipps v. Ryan*, 10th Dist. No. 07AP-231, 2008-Ohio-1216, ¶ 23. Therefore, we deny Allphase's motion.[2]

---

[2] We admonish the Youngbloods' counsel to review the Rules of Appellate Procedure and fully comply with those rules in the future.

{¶ 12} By their first assignment of error, the Youngbloods argue that the trial court erred in denying them summary judgment. The Youngbloods maintain that they presented uncontroverted evidence on the relevant issues, and, thus, the trial court should have granted them summary judgment on their HSSA and CSPA claims. Presuming the Youngbloods are correct, the error they allege is only harmless error, which cannot result in a reversal of the trial court's judgment.

{¶ 13} When a trial court denies summary judgment due to the existence of a genuine issue of material fact and the non-moving party then prevails after a trial, an appellate court will not review the denial of summary judgment. *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 156 (1994); *Capella III, L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 13 (10th Dist.). Any error in the denial of summary judgment is rendered moot or harmless because a full and complete development of the facts at trial— as opposed to the limited factual record elicited through discovery—entitles the non-moving party to judgment. *Whittington* at 156. The question of whether a trial court erred in denying summary judgment becomes irrelevant and the error (if any) is corrected when a fact finder determines the disputed issues in favor of the non-moving party. *Id.* at 157-58.

{¶ 14} Here, the trial court denied the Youngbloods summary judgment because it found that genuine issues of material fact existed. A jury determined those facts in Allphase's favor after a full development of the facts at trial, so any error in the denial of summary judgment is harmless. Accordingly, we overrule the Youngbloods' first assignment of error.

{¶ 15} By their second assignment of error, the Youngbloods argue that the magistrate erred in granting Allphase's motion in limine and in instructing the jury regarding the appropriate measure of damages for violation of the HSSA and CSPA. The Youngbloods maintain that the magistrate was wrong to restrict them to the remedy of rescission.

{¶ 16} Civ.R. 53(D)(3)(b) imposes a duty to assert timely, specific objections to a magistrate's decision before the trial court. *Triplett v. Warren Corr. Inst.*, 10th Dist. No. 12AP-728, 2013-Ohio-2743, ¶ 14. If a party fails to file such objections, he waives the right to raise all error, other than plain error, on appeal. Civ.R. 53(D)(3)(b)(iv); *Triplett* at ¶ 15.

These waived errors include those made by the magistrate as he or she presides over a jury trial. *Ziadeh v. Columbus*, 10th Dist. No. 09AP-503, 2010-Ohio-1323, ¶ 10. Such error presents a basis for reversal only in the extremely rare case involving exceptional circumstances where the error seriously affects the basic fairness, integrity, or public reputation of the judicial process. *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus.

{¶ 17} Here, the Youngbloods made no objections alleging error in the magistrate's handling of the jury trial. Consequently, we will only reverse the September 2, 2014 judgment if the Youngbloods demonstrate plain error in the magistrate's evidentiary rulings and the jury instructions given.

{¶ 18} In its motion in limine, Allphase argued that the Youngbloods could either cancel the contracts at issue under the HSSA or collect actual damages under the CSPA, but they could not do both. *See Garber v. STS Concrete Co., L.L.C.*, 8th Dist. No. 99139, 2013-Ohio-2700, ¶ 23 ("A consumer must elect which remedy to base recovery on because the consumer cannot recover under both R.C. 1345.23 and 1345.09. * * * The remedies are mutually exclusive."); *accord J & D Rack Co. v. Kreimer*, 194 Ohio App.3d 479, 2011-Ohio-2358, ¶ 7, 22 (1st Dist.); *Kamposek v. Johnson*, 11th Dist. No. 2003-L-124, 2005-Ohio-344, ¶ 26. Allphase pointed out that the Youngbloods had elected their remedy when they cancelled their contracts with Allphase in the November 19, 2012 letter. Under the HSSA, cancellation of a contract entitles a buyer to a refund of payments made under the contract. R.C. 1345.23(D)(4)(a). Consequently, Allphase argued, the Youngbloods could only recover at trial the sum that they paid to Allphase under the contracts. Allphase asked the magistrate to prevent the Youngbloods from seeking and producing evidence of any other type of damage, including the cost to finish reconstruction of the Youngbloods' house.

{¶ 19} No written decision on Allphase's motion in limine appears in the record. In the decision denying judgment notwithstanding the verdict and a new trial, the magistrate indicated that, prior to trial, he orally granted the motion in limine after "extensively memorializ[ing] on the record with supporting case authority" the reasoning for his decision. (R. 196, 11.) The Youngbloods, however, have not provided this court with a transcript of the trial.

{¶ 20} "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13. The appellant has the responsibility to provide a transcript of the proceedings because the appellant bears the burden of showing error by reference to matters in the record. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 21} Here, the lack of a transcript precludes our review of the issue raised in the motion in limine. A motion in limine is a tentative, precautionary request to limit inquiry into a specific area until admissibility is determined during trial. *Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, ¶ 35; *accord Morgan v. Ohio State Univ.*, 10th Dist. No. 13AP-287, 2014-Ohio-1846, ¶ 34 (holding that an in limine order is " 'a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of an evidentiary issue' "). An in limine ruling has no effect until it is acted upon at trial. *Morgan* at ¶ 34. Therefore, an appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection, proffer, or ruling when the issue is actually reached during the trial. *Gable* at ¶ 35; *Cranford v. Buehrer*, 2d Dist. No. 26266, 2015-Ohio-192, ¶ 13; *Faieta v. World Harvest Church*, 10th Dist. No. 08AP-527, 2008-Ohio-6959, ¶ 61.

{¶ 22} Without a transcript, we do not know whether the Youngbloods sought to introduce evidence of damages other than the amount of the refund owed. Even if we assumed that the introduction of such evidence occurred, we have no way to determine whether the magistrate admitted or excluded the evidence. The Youngbloods, therefore, have not demonstrated that they preserved the alleged error, and we will not review the damages issue.

{¶ 23} The Youngbloods next argue that the magistrate erred in instructing the jury on rescission. Again, the lack of a transcript hampers our review. Without a transcript, we cannot know how the magistrate instructed the jury. Moreover, we cannot

determine whether the evidence adduced at trial justified or failed to justify any particular jury instruction.

{¶ 24} However, all is not lost for the Youngbloods. The record does not contain a transcript, but the magistrate partially quoted the jury instructions in the decision denying judgment notwithstanding the verdict and a new trial. As reflected in that decision, the magistrate instructed the jury:

> If you find that the contract was cancelled and that Defendants [met] their burden of proof, you are to award damages consisting of the contract price paid by Defendant, along with those damages incurred that are not based on and separate from completion of the contract. These include those out[-]of[-]pocket and incidental damages necessary to put Defendants back into the position that existed at the formation of the agreement to work on the property.

(R. 196, at 11.)

{¶ 25} As we stated above, the cancellation of a contract under the HSSA entitles the consumer to a refund of any payments made under the contract. *See* R.C. 1345.23(D)(4)(a). The jury instruction given in this case is generally consistent with that law. If anything, the instruction is too generous to the Youngbloods as it also allowed them to collect incidental damages to return them to their pre-contract position. The HSSA says nothing about incidental damages; it only requires a refund. We thus find no plain error in the portion of the jury instructions that appears in the record.

{¶ 26} In sum, we reject all the arguments made under the second assignment of error. Accordingly, we overrule that assignment of error.

{¶ 27} By their third assignment of error, the Youngbloods argue that the trial court erred in denying their motion for judgment notwithstanding the verdict or, alternatively, a new trial. We disagree.

{¶ 28} The magistrate who presided over the jury trial also decided the Youngbloods' post-judgment motion. The Youngbloods did not object to that decision, so we will only review the Youngbloods' arguments on appeal for plain error. *Triplett*, 2013-Ohio-2743, at ¶ 15.

{¶ 29} A trial court will grant a motion for judgment notwithstanding the verdict if, after construing the evidence most strongly in favor of the party against whom the motion

is directed, it finds that "reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party." Civ.R. 50(A)(4); *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 679 (1998) (holding that the standard set forth in Civ.R. 50(A)(4) applies to motions for judgment notwithstanding the verdict). Thus, a court's task in deciding a motion for judgment notwithstanding the verdict is to determine whether the evidence is sufficient to sustain the verdict. *Environmental Network Corp. v. Goodman Weiss Miller, L.L.P.*, 119 Ohio St.3d 209, 2008-Ohio-3833, ¶ 23.

{¶ 30} Here, without a transcript, we cannot review the sufficiency of the evidence. Consequently, we must presume the validity of the denial of judgment notwithstanding the verdict.

{¶ 31} Civ.R. 59, which governs motions for new trial, lists multiple grounds for relief. Here, the Youngbloods first argue that the trial court should have granted them a new trial under Civ.R. 59(A)(6), which permits a new trial if the judgment is not sustained by the weight of the evidence. We cannot review that argument because, absent a transcript, we have no means to gauge the weight of the evidence. We thus presume the validity of the denial of a new trial based on the weight of the evidence.

{¶ 32} Next, the Youngbloods argue that they should receive a new trial because the magistrate erroneously limited the type of damages they could recover under the HSSA and CSPA. The Youngbloods fail to specify which ground for a new trial this argument fits under, and we cannot correlate the argument with any particular ground. Conceivably, the Youngbloods may be relying on Civ.R. 59(A)(7), which permits a new trial if the judgment is contrary to law. We, however, cannot see how the alleged error results in a judgment contrary to law. Had the Youngbloods prevailed on their HSSA and CSPA claims, the alleged error would have impacted the amount of their recovery. But the Youngbloods lost on those claims. Judgment in Allphase's favor cannot be contrary to law because the magistrate limited the type of recovery the Youngbloods could have received had they prevailed.

{¶ 33} In sum, we reject all of the Youngblood's arguments under their third assignment of error. Accordingly, we overrule that assignment of error.

{¶ 34} For the foregoing reasons, we deny Allphase's motion to strike the appellant's brief and dismiss the appeal. We overrule the Youngbloods' three assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Motion to strike and dismiss denied;*
*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.