[Cite as *State v. Parker*, 2021-Ohio-3422.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                       :

      Plaintiff-Appellee,                      :

                                  Case No. 20AP-527

v.                                                  :     (C.P.C. No. 19CR-5587)

Kenneth Parker,                                     :     (REGULAR CALENDAR)

      Defendant-Appellant,                      :

D E C I S I O N

Rendered on September 28, 2021

**On brief:** [*G. Gary Tyack*] Prosecuting Attorney and *Mark R. Wilson*, for plaintiff-appellee. **Argued:** *Mark R. Wilson*.

**On brief:** *Kenneth Parker*, defendant-appellant, pro se.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM

{¶ 1} Defendant-appellant, Kenneth Parker, also known as Kaisan-Pamir:Bey, Kaisan Pamir Bey, Kaisan Pamir XI Aniyunwiah Bey, or Kaisan El Pamir XI Aniyunwiya Bey ("Parker"), appeals from a judgment of the Franklin County Court of Common Pleas convicting him of nonsupport of a dependent, imposing three years of community control, and ordering him to pay a child support arrearage. For the following reasons we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Parker is the father of a child, K.D.P., born in 2016. In October 2019, Parker was indicted on one count of nonsupport of dependents, a fifth-degree felony violation of R.C. 2919.21. The indictment alleged that between February and October 2019, Parker abandoned or failed to provide adequate support to K.D.P., as he was required to do by a

court order or decree, for a total of 26 weeks out of 104 consecutive weeks.  Parker, acting pro se, filed multiple pretrial motions, including a motion to dismiss for lack of evidence and a motion for judgment of acquittal pursuant to Crim.R. 29(A).  The trial court denied Parker's motion to dismiss for lack of evidence, finding it was premature because the trial had not been conducted and there was no equivalent to a motion for summary judgment in criminal proceedings.  The motion for judgment of acquittal was filed 3 days before the jury trial commenced and the trial court did not issue a written ruling on it prior to trial.

{¶ 3}  Following a multi-day trial, a jury convicted Parker of nonsupport of his dependent.  After a sentencing hearing, the trial court sentenced Parker to three years of community control and ordered him to pay a child support arrearage of $25,665.67.  Parker timely appealed from the sentencing entry.

## II.  ASSIGNMENTS OF ERROR

{¶ 4}  Parker, pro se, assigns the following as trial court error:

[1.]  The trial court erred and abused its discretion to the defendant-Appellant in dismissing the appellant's action by prejudice of defendant in overruling the defendant's motion for Judgement [sic] of Acquittal made at the close of the Plaintiff's case[.]

[2.]  The trial court erred and abused its discretion to the prejudice of Defendant-Appellant, in admitting the States administrative order to compel payment to the FCCSEA.

[3.]  The trial court erred and abused its discretion to the prejudice of Defendant-Appellant in overruling the Defendant's request for disclosure of all prima facie binding contracts and documents[.]

[4.]  The trial court erred and abused its discretion to the prejudice of defendant-in-Appellant [sic] in overruling defendant's request for the State to furnish sufficient evidence essentially to establish the case is indeed a tort or criminal case.

[5.]  The trial court erred and abused its discretion to the defendant-Appellant in suppressing, then omitting, the defendant's witness's testimony[.]

[6.]  The trial court erred and abused its discretion to the defendant-Appellant in dismissing the appellant's action by prejudice of defendant in overruling the defendant's request for the State to adhere to the U.S. Constitution[.]

[7.]  The trial court erred and abused its discretion to the defendant-Appellant in compelling the defendant to a private

entities(FCCSEA), arbitrary Rules and Regulations subsequent
to Ohio Revised Code.

## III.  LEGAL ANALYSIS

{¶ 5}   As an initial matter, we note Parker has failed to file a complete transcript of the jury trial proceedings.  He filed a supplemental record on April 22, 2021, consisting of a 19-page excerpt of the proceedings containing a portion of the voir dire of Kerrick Lamont Jackson ("Jackson").  Other than this limited excerpt, however, we lack a transcript of the proceedings in the trial court.

{¶ 6}   "The burden of affirmatively demonstrating error on appeal rests with the party asserting error." *Lundeen v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-629, 2013-Ohio-112, ¶ 16.  As the appellant in this case, Parker "bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).  "Pursuant to App.R. 9, an appellant must submit to the court of appeals a transcript of the trial court proceedings deemed necessary for appellate review" or an alternative statement under App.R. 9(C) or (D).  *J.J. v. Kilgore*, 10th Dist. No. 20AP-401, 2021-Ohio-928, ¶ 17.  "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp* at 199.  To the extent Parker alleges error in the trial proceedings, because he has not filed a transcript we have no basis to review the asserted errors and must presume the regularity of the trial court proceedings.

{¶ 7}   Additionally, under App.R. 12(A)(2), an appellate court may "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based[.]"  With the exception of his fifth assignment of error, which relates to Jackson's testimony, Parker's brief on appeal fails to identify in the record the grounds for his claims of error by the trial court.

{¶ 8}   Despite Parker's failure to provide a complete transcript of the trial proceedings or identify in the record the grounds for his claims of error, in the interest of justice we will review each of his assignments of error to determine whether we have an adequate basis to review the merits.

{¶ 9}   In his first assignment of error, Parker argues the trial court erred by denying his motion for judgment of acquittal made at the close of the state's case-in-chief.  Crim.R.

29(A) authorizes a trial court to enter a judgment of acquittal if it finds the evidence insufficient to sustain a conviction on its own motion or in response to a defendant's motion "after the evidence on either side is closed." "Because a Crim.R. 29 motion questions the sufficiency of the evidence, '[w]e apply the same standard of review to Crim.R. 29 motions as we use in reviewing the sufficiency of the evidence.' " *State v. Brown*, 10th Dist. No. 15AP-935, 2016-Ohio-7944, ¶ 27, quoting *State v. Hernandez*, 10th Dist. No. 09AP-125, 2009-Ohio-5128, ¶ 6. "Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict." *State v. Cassell*, 10th Dist. No. 08AP-1093, 2010-Ohio-1881, ¶ 36. In determining whether the evidence was sufficient to support a verdict, " '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, ¶ 34, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 10} Absent a transcript of the trial proceedings, we cannot determine whether Parker moved for acquittal under Crim.R. 29(A) at the close of the state's case-in-chief. If Parker made such a motion, the trial court must have denied it because the case proceeded to a jury verdict. As explained above, we review a Crim.R. 29 motion under the sufficiency-of-the-evidence standard. However, "without a transcript, we cannot review the sufficiency of the evidence." *Allphase Restoration & Constr. v. Youngblood*, 10th Dist. No. 15AP-75, 2015-Ohio-4043, ¶ 30. Therefore, we lack a basis to review the merits of Parker's first assignment of error. To the extent Parker seeks to challenge the trial court's denial of his *pretrial* motion for acquittal under Crim.R. 29(A), this Court has held that such a motion effectively seeks summary judgment and " 'the Ohio Rules of Criminal Procedure * * * do not allow for 'summary judgment' on an indictment prior to trial.' " *State v. Shaw*, 10th Dist. No. 02AP-1036, 2003-Ohio-2139, ¶ 13, quoting *State v. Tipton*, 135 Ohio App.3d 227, 228 (9th Dist.1999). Therefore, we overrule Parker's first assignment of error.

{¶ 11} Parker argues in his second assignment of error that the trial court erred by admitting into evidence an administrative order requiring him to make child support payments. " '[T]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court.' " *State v. Robb*, 88 Ohio St.3d 59, 69 (2000), quoting *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus. "Absent an abuse of

discretion, as well as a showing that the accused has suffered material prejudice, an appellate court will not disturb the ruling of the trial court as to the admissibility of evidence." *State v. Oteng*, 10th Dist. No. 14AP-466, 2015-Ohio-1231, ¶ 31.  An abuse of discretion " 'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.' " *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).  Without a transcript of the trial proceedings, we cannot determine what was proffered as evidence, whether Parker objected to the admission of such evidence, and how the trial court may have ruled on any objection.  Assuming for purposes of analysis that the trial court admitted an administrative order requiring child support payments, without a transcript, we must presume the validity of the trial court's decision.  Accordingly, we overrule Parker's second assignment of error.

{¶ 12} In his third assignment of error, Parker argues the trial court erred by overruling his request for disclosure of all binding contracts and documents.  In his fourth assignment of error, Parker claims the trial court erred by overruling his request that the state furnish sufficient evidence to establish a criminal offense.  Both these assignments of error effectively challenge the sufficiency of the evidence supporting the jury's verdict.  As explained above, "without a transcript, we cannot review the sufficiency of the evidence." *Youngblood*, 2015-Ohio-4043 at ¶ 30.  Therefore, we overrule Parker's third and fourth assignments of error.

{¶ 13} Parker alleges in his fifth assignment of error that the trial court abused its discretion by excluding witness testimony proffered in his defense.  This appears to refer to testimony from Jackson.  Although Parker has not filed a complete trial transcript, he filed a supplemental record containing the voir dire examination of Jackson.  Parker's questions to Jackson during voir dire related to Jackson's experience with credit reports.  These questions suggest Parker intended to proffer Jackson as an expert witness.

{¶ 14} "A trial court's ruling as to the admission or exclusion of expert testimony is within its broad discretion and will not be disturbed absent an abuse of discretion." *State v. Koss*, 10th Dist. No. 13AP-970, 2014-Ohio-5042, ¶ 16.  The transcript excerpt Parker has provided does not contain any ruling from the trial court on the admissibility of Jackson's testimony.  Therefore, we do not know whether the trial court ultimately admitted or excluded Jackson as a witness.  Even if the trial court excluded Jackson's testimony, without

a record of the trial court's ruling we cannot determine whether the trial court abused its discretion. Accordingly, we overrule Parker's fifth assignment of error.

{¶ 15} In his sixth assignment of error, Parker claims the trial court erred by overruling his request that the state adhere to the United States Constitution. In support of this assignment of error, Parker alleges his constitutional rights were deprived when he was forced to comply with the provisions of the Ohio Revised Code. The Supremacy Clause of the United States Constitution provides "[t]his Constitution * * * shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Constitution, Article VI, cl. 2. However, Parker fails to identify any provision of the Ohio Revised Code that conflicts with the United States Constitution or any constitutional right that was deprived in the trial proceeding. Therefore, we overrule Parker's sixth assignment of error.

{¶ 16} Finally, in his seventh assignment of error, Parker alleges the trial court erred by compelling him to comply with the rules and regulations of the Franklin County Child Support Enforcement Agency. Parker's brief on appeal does not contain any argument related to this assignment of error. App.R. 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Under App.R. 12(A)(2), we may "disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Because Parker offers no argument to support his seventh assignment of error, we overrule it.

## IV. CONCLUSION

{¶ 17} For the foregoing reasons, we overrule Parker's seven assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, SADLER and MENTEL, JJ., concur.

_____