[Cite as *Stroud v. Four E Properties, Inc.*, 2018-Ohio-1910.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JAMES R. STROUD, | : | APPEAL NO. C-170215 |
| | | TRIAL NO. A-1602082 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| FOUR E PROPERTIES, INC., | : | |
| STEVEN VERKLEY, | | |
| | : | |
| and | | |
| | : | |
| NANCY L. VERKLEY, | | |
| | : | |
| Defendants-Appellees, | | |
| | : | |
| and | | |
| | : | |
| STROVER HOLDINGS, LLC., | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 16, 2018

*Wood & Lamping, LLP*, and *Neil Fairweather*, for Plaintiff-Appellant,

*Reardon & Chasar, LPA, Matthew R. Chaser* and *Joseph M. Sprafka III*, for Defendants-Appellees.

**MILLER, Judge**.

{¶1} James Stroud appeals from the trial court's judgment ordering sanctions against him, denying his motion for leave to file an amended complaint, and denying his Civ.R. 60(B)(1) motion for relief from judgment. We affirm.

{¶2} Stroud filed a pro se complaint against Steven and Nancy Verkley, Four E Properties, Inc., ("Four E") and Strover Holdings, LLC, ("Strover") for, among other things, breaches of contract and fiduciary duty. At the time Stroud filed suit, he was suing Steven Verkley in another case through counsel.

{¶3} Stroud and Steven Verkley each owned 50 percent of Strover. The gist of Stroud's complaint was that Steven Verkley had transferred Strover real property holdings to himself and his wife, Nancy Verkley, without Stroud's knowledge or consent. Stroud also alleged that some of these properties were then transferred from the Verkleys to Four E—a corporation owned by Steven and Nancy Verkley. All of the transfers from Strover to the Verkleys, and from the Verkleys to Four E, occurred in 2006. Stroud claimed that in 2014 and 2015, Four E sold several of these properties, and that Stroud—who had remained on at least two of the mortgages— had been damaged as a result.

{¶4} The Verkleys and Four E moved to dismiss Stroud's complaint under Civ.R. 12(B)(6). Stroud's counsel entered a limited appearance, and informed the trial court that he intended to file an amended complaint, but counsel did not immediately enter a formal notice of appearance. No amended complaint was filed. The court set a hearing on the motion to dismiss. Stroud neither appeared pro se nor through counsel, nor did he otherwise oppose the motion.

{¶5} The Verkleys and Four E subsequently moved for sanctions, contending that Stroud had filed unwarranted claims that were barred by the statute

2

of limitations, and that the complaint was filed in an improper attempt to gain leverage in the other lawsuit that Stroud had brought against Steven Verkley. Steven Verkley's affidavit was filed with the motion for sanctions. Verkley averred that Stroud had had actual knowledge of all Strover property transfers that had occurred in 2006. Attached to the affidavit were documents purporting to show that Stroud had knowingly transferred the deeds to the subject properties.

{¶6} The court conducted two hearings on the sanctions motion. Following the hearings, the trial court found that Stroud's complaint was "unsupported" and was filed "at the same time he was in litigation with the defendant before another judge." The court also determined that Stroud was not a real party in interest to the 2014 or 2105 transfers, and his claims arising from the 2006 transfers were time-barred. Citing R.C. 2323.51, the court awarded the Verkleys and Four E $32,460.10 in attorney fees and expenses, and $3,730.80 in expert witness fees.

{¶7} While the motion for sanctions was pending, Stroud moved under Civ.R. 60(B)(1) for relief from the trial court's judgment dismissing his complaint. In pertinent part, Stroud contended that several of his claims did not fall outside the statute of limitations, and that his failure to oppose the motion to dismiss constituted "excusable neglect" because he had been unaware of the hearing date as he believed opposing counsel was not going forward with the motion to dismiss. In response, the Verkleys and Four E submitted emails to the court showing that counsel for the Verkleys and Four E had emailed Stroud's counsel stating that if Stroud did not soon file an amended complaint as discussed, the Verkleys and Four E intended to request a hearing on their Civ.R. 12(B)(6) motion.

{¶8} Following a hearing, the trial court denied Stroud's Civ.R. 60(B)(1) motion, finding that, based on the statute of limitations, Stroud's complaint "simply

does not state a cause of action." The trial court also found that there was not excusable neglect in Stroud's failure to defend the motion to dismiss.

{¶9}    On January 18, 2017, Stroud moved the court for leave to file an amended complaint under Civ.R. 15.    The court denied his motion.    This appeal followed.

{¶10}  In his first and third assignments of error, Stroud contends that the trial court erred when it granted the Verkleys and Four E's motion for sanctions, and denied his motion for relief from judgment.   Stroud focuses arguments in both assignments of error on the trial court's determination that his complaint had been time-barred.   While we are not entirely convinced that all claims in the complaint were barred by the statute of limitations, we do not reach that issue because (1) Stroud did not appeal the dismissal, and (2) there are other bases for the trial court's sanctions and Civ.R. 60(B) judgments. Because Stroud failed to transmit the transcript of the proceedings for our review, he is unable to demonstrate error concerning those other grounds.

{¶11} Regarding sanctions, statute-of-limitations aside, the Verkleys and Four E contended that Stroud had filed a complaint that contained materially false allegations, and that he had filed it as an improper means to gain leverage in another lawsuit.   Following two hearings, the trial court found that Stroud had filed an "unsupported complaint at the same time he was in litigation with the defendant before another judge." Under R.C. 2323.51(A)(2)(a)(i), the filing of a lawsuit is frivolous if it "obviously serves merely to harass * * * another party to the civil action * * * or is for another improper purpose * * *."  And R.C. 2323.51(A)(2)(a)(iii) states that conduct is frivolous if it "consists of allegations or other factual contentions that have no evidentiary support * * *."

4

{¶12} We would normally review the trial court's judgment under R.C. 2323.51(A)(2)(a)(i) and (iii) for an abuse of discretion. *See Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 22, (1st Dist.). However, Stroud has not filed a transcript of the hearings on the motion for our review. The trial court based its decision on, among other things, the arguments of counsel and the testimony of the witnesses. Without the parts of the record necessary to resolve this issue, we must presume the regularity of the proceedings. *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.* 127 Ohio St.3d 202, 2010-Ohio-5073, 937 N.E.2d 1274, ¶ 13-14 (without a complete record of the evidence upon which the trial court awarded sanctions, on appeal the court presumes that no error occurred in the award of sanctions); *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) (without a complete record, an appellate court presumes the regularity of the proceedings).

{¶13} We also presume the regularity of the proceedings in regard to the court's denial of Stroud's Civ.R. 60(B)(1) motion for relief from judgment. Under Civ.R. 60(B)(1), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) mistake, inadvertence, surprise or excusable neglect; and (3) the motion was made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *See GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶14} Following a hearing, the trial court found that Stroud's complaint did not state a cause of action and that there was no excusable neglect. By piecing together different sections of his complaint and referring to facts not pled, Stroud

5

makes a somewhat convoluted argument that his complaint had stated a cause of action as a matter of law. While his complaint may have stated a cause of action, this fact is irrelevant because his neglect was not excusable.

{¶15} According to Stroud, his failure to defend the motion to dismiss constituted "excusable neglect" because he and opposing counsel were in on-going negotiations Stroud believed the Verkleys and Four E were not going forward with the motion to dismiss, and opposing counsel didn't tell him otherwise. However, it was not reasonable for Stroud to expect opposing counsel to inform him that the Verkleys and Four E had requested a hearing on their motion to dismiss. (Citations omitted.) *See Kids Bop, LLC v. Broadhead*, 1st Dist. Hamilton No. C-140686, 2015-Ohio-3744, ¶ 11 ("[A] party's inaction is not excusable neglect when it shows 'a complete disregard for the judicial system' or when the party's conduct falls substantially below what is reasonable under the circumstances"). And even if opposing counsel had had such an obligation—which he did not—the record indicates that counsel had emailed Stroud's attorney that, unless Stroud filed an amended complaint by July 6, 2016, the Verkleys and Four E intended to go forward with the motion to dismiss.

{¶16} While it appears from the parts of the record that are before us that the trial court correctly decided this motion, we cannot address this issue on its merits since Stroud failed to transmit to this court the transcript of the hearing on his Civ.R. 60(B)(1) motion. We therefore presume the regularity of the proceedings. *Knapp*, 61 Ohio St.2d at 199, 400 N.E.2d 384.

{¶17} Stroud's first and third assignments of error are overruled.

{¶18} In his second assignment of error, Stroud contends that the trial court erred when it denied his Civ.R. 15 motion for leave to file an amended complaint.

6

Stroud filed this motion after he had dismissed Strover from the case, thereby making the trial court's dismissal of Stroud's complaint as to the Verkleys and Four E a final judgment. The civil rules limit post-judgment relief to motions brought under Civ.R. 50(B) (judgment notwithstanding the verdict), Civ.R. 59 (motion for a new trial), and Civ.R. 60(B) (motion for relief from judgment). Stroud's Civ.R. 15 motion was therefore a legal nullity, as was the trial court's ruling on it. *See Allstate Ins. Co. v. Witta*, 9th Dist. Summit No. 25738, 2011-Ohio-6068, ¶ 8-9, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981). Stroud's second assignment of error is overruled.

{¶19} The judgment of the trial court is affirmed.

Judgment affirmed.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.

7