**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Edward Smith Corp. v. Marsh*, Slip Opinion No. 2024-Ohio-201.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-201

THE STATE EX REL. EDWARD SMITH CORPORATION, APPELLANT, *v*. MARSH, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Edward Smith Corp. v. Marsh*, Slip Opinion No. 2024-Ohio-201.]**

*Prohibition—Inmate's complaint fails to contain a short and plain statement of a claim showing that he is entitled to writ—Court of appeals' dismissal of complaint affirmed.*

(No. 2023-0711—Submitted December 12, 2023—Decided January 24, 2024.)

APPEAL from the Court of Appeals for Hamilton County, No. C-230127.

_____

**Per Curiam.**

{¶ 1} Appellant, Edward Smith,[1] filed an original action for a writ of prohibition in the First District Court of Appeals against appellees, Hamilton

---

1. The caption of the complaint identifies the relator as "State of Ohio, ex rel., Edward Smith, Corporation/Edward Smith Construction Co." However, the body of the complaint states that

County Court of Common Pleas Judge Melba D. Marsh, former Hamilton County Assistant Prosecuting Attorney Gus Leon, and Randall M. Rozier, an FBI agent. The First District dismissed the complaint, finding it so incomprehensible that it failed to state a claim upon which relief could be granted. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Smith is currently incarcerated at the Grafton Correctional Institution. In 1999, he was convicted of murder in the Hamilton County Court of Common Pleas and was sentenced to a prison term of 15 years to life. His conviction was affirmed on direct appeal.

{¶ 3} In March 2023, Smith filed a 26-page complaint for a writ of prohibition in the First District. While Smith's complaint and briefs are not a model of clarity, his claim appears to be that he should have been tried in a housing division rather than the general division of a common pleas court and that the trial court therefore lacked jurisdiction to convict him. Smith also appears to argue that Rozier unlawfully entered his property and investigated him without authority to do so. Finally, he characterizes himself as a corporation that, he asserts, was tried illegally in absentia. As for relief, he requests that his conviction be vacated. Smith does not explain what relief he is seeking against Judge Marsh, who was not the judge who presided over the trial that resulted in his conviction.

{¶ 4} Judge Marsh and Leon filed a motion to dismiss under Civ.R. 12(B)(6). The First District granted the motion and dismissed the case. The First District's opinion consists of the following single paragraph:

> This case is before the Court on [a] motion to dismiss the complaint for writ of prohibition. "A complaint may be so incomprehensible as to fail to state a claim upon which relief may

---

"Edward Smith" is the relator, Smith signs his pleadings as an individual, and the relief the complaint requests concerns him personally.

be granted." *Guess v. Toledo Blade Newspaper Co.*, 6th Dist. Lucas No. L-97-1276, 1998 Ohio App. LEXIS 439 (Feb. 6, 1998). In this case the Court cannot discern from the complaint what facts relator is alleging and what relief he is seeking. The motion to dismiss is, therefore, granted. Costs taxed in accordance with Civ.R. 54.

**{¶ 5}** After the First District issued its opinion, Smith filed a motion for leave to file an amended complaint. The First District denied the motion because it had already dismissed the case when Smith filed it. Smith has appealed as of right.

## LEGAL ANALYSIS

**{¶ 6}** To be entitled to a writ of prohibition, Smith must show by clear and convincing evidence (1) the exercise of judicial power, (2) the lack of authority for the exercise of that power, and (3) an injury that would result from denial of the writ for which no adequate remedy exists in the ordinary course of the law. *State ex rel. Reynolds v. Kirby*, 172 Ohio St.3d 273, 2023-Ohio-782, 223 N.E.3d 417, ¶ 9. We will affirm a court of appeals' dismissal of a writ petition for a failure to state a claim upon which relief can be granted "if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in [the relator's] favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested extraordinary writ of prohibition." *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 8.

**{¶ 7}** The First District determined that Smith's complaint was so incomprehensible that it failed to state a claim upon which relief could be granted. We affirm on the same basis. *See Guess*, 1998 WL 65500, at *1 ("a complaint may be so incomprehensible as to fail to state a claim upon which relief may be granted"). Although largely unintelligible, Smith's complaint appears to allege that the trial court was acting as a mayor's court or a municipal court, and it asserts that

only a court's housing division would have jurisdiction over the charges filed against him. The complaint contains citations to New York criminal statutes and a federal statute concerning supplemental jurisdiction. It states that a corporation was tried in absentia, and Smith at times refers to himself as a corporation. Civ.R. 8(A) requires that pleadings contain "a short and plain statement of the claim showing that the party is entitled to relief." Smith's complaint is neither short nor plain.

**{¶ 8}** To the extent that Smith's claims can be discerned, he does not state grounds that would entitle him to a writ of prohibition. He does not state facts showing that appellees exercised or are about to exercise judicial power. The Hamilton County Court of Common Pleas has subject-matter jurisdiction over felony cases, *see Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8, and a judge of that court would not lack subject-matter jurisdiction to convict Smith of, or sentence him for, murder.

**{¶ 9}** Finally, Smith argues that the First District improperly denied his motion for leave to file an amended complaint. The court had already dismissed Smith's complaint when he filed his motion for leave to amend, so the court properly denied the motion. *See Stroud v. Four E Properties*, *Inc.*, 1st Dist. Hamilton No. C-170215, 2018-Ohio-1910, ¶ 18 (noting that a motion for leave to amend is not among the postjudgment motions permitted by the Civil Rules).

## CONCLUSION

**{¶ 10}** Smith's complaint does not contain a short and plain statement of a claim showing that he is entitled to a writ of prohibition. We therefore affirm the First District Court of Appeals' judgment dismissing Smith's complaint.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

DETERS, J., not participating.

_____

Edward Smith, pro se.

Melissa A. Powers, Hamilton County Prosecuting Attorney, and Keith Sauter, Assistant Prosecuting Attorney, for appellees Judge Melba Marsh and Gus Leon.

_____