[Cite as *Donald Sullivan, L.L.C. v. Core Civic-Corp.*, 2025-Ohio-4418.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| DONALD SULLIVAN, LLC,<br>ENS LEGIS,<br><br>    Relator,<br><br>    - vs -<br><br>CORE CIVIC-CORPORATION,<br>STEVE BECKER-AGENT,<br><br>    Respondent. | CASE NO. 2025-A-0030<br><br>Original Action for<br>Writ of Mandamus |

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: September 22, 2025
Judgment: Complaint dismissed

*Donald Sullivan*, pro se, 1406 East 109th Street, Cleveland, OH 44106 (Relator).

*Dana M. Keene*, Struck Love Acedo, PLC, 3100 West Ray Road, Suite 300, Chandler, AZ 85226 (For Respondent).

PER CURIAM.

{¶1}    Relator, Donald Sullivan, LLC, Ens Legis ("relator"), filed an original action on February 25, 2025, seeking a writ of mandamus. Relator asserts that he made a public records request that was wrongfully denied. Respondent, Core Civic-Corporation, Steve Becker-Agent ("respondent") filed a motion to dismiss on May 2, 2025. For the following reasons, relator's petition is dismissed.

{¶2}    Relator's complaint was initially filed in the Tenth District Court of Appeals in Franklin County, Ohio. Respondent filed "Respondent's Motion to Dismiss and/or

Transfer Venue" on May 2, 2025. The motion to transfer venue was granted by the Tenth District Court of Appeals on June 10, 2025, as relator's writ involves a public records request from Lake Erie Correctional Institution. Relator was incarcerated at the institution at the time of filing. The case was transferred, and the complaint was filed with this Court on June 17, 2025. Respondent's motion to dismiss remains pending.

{¶3}    After a preliminary review of relator's complaint, it appears he seeks to compel the fulfillment of a public records request, pursuant to R.C. 149.43(C)(1)(b) as well as an award of $1,000 in damages. In the complaint, relator states he is requesting "the release of property in the form of Bill of Lading/Warehouse Receipt/Document of Title." Relator asserts that he "caused to be filed a Public Record Request pursuant to ORC § 149.43 under certified mailing number# 7022 1670 0002 2417 6179 for the production and release of property in the form of Bill of Lading/Warehouse Receipt/Document of Title to its rightful owner." Relator has attached to his complaint what appears to be a birth certificate, various UCC Financing Statements and a UCC Financing Statement Amendment, a Trade Name Registration certificate, and other documents that appear to relate to birth and citizenship. Relator further asserts in his complaint that, "this Native Ohioan State National owns and holds a Paramount Superior security interest, claim and lawful lien on the property identified as Transmitting Utility. See UCC Financing Statement attached." Relator does not indicate how these attachments support his claim.

{¶4}    Respondent contends in its motion to dismiss that relator's complaint "contains allegations that vaguely reference security interests, claims, liens, unidentified property and goods, a warehouse, and a 'Transmitting Utility' which are virtually

Case No. 2025-A-0030

impossible to decipher." As such, respondent further avers that the complaint does not comply with Civ.R. 8. Respondent contends that the complaint fails to state a cognizable claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) and that relator has failed to comply with R.C. 2969.25(A) requiring the inclusion of an affidavit detailing specific information concerning prior civil actions filed within the past five years.

{¶5} Individuals who are incarcerated and file a civil action in in the court of appeals must comply with R.C. 2969.25(A) affidavit requirements. "Under R.C. 2969.25(A), an inmate commencing a civil action in the court of appeals must file an affidavit containing 'a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.' The affidavit must include (1) a brief description of the nature of the civil case or appeal, (2) the case name, case number, and court in which the civil action or appeal was brought, (3) the name of each party, and (4) the outcome of the civil action or appeal." *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 5, citing R.C. 2969.25(A). Failure to comply with R.C. 2969.25(A) warrants dismissal. *Id.* at ¶ 6. Relator has filed no such affidavit.

{¶6} Further, a relator's complaint for a writ can be so incomprehensible that it fails to state a claim upon which relief can be granted, therefore warranting dismissal. *State ex rel. Edward Smith Corp. v. Marsh*, 2024-Ohio-201, ¶ 7, citing *Guess v. Toledo Blade Newspaper Co.*, 1998 WL 65500, *1 (Feb. 6, 1998).

{¶7} Here, it appears that relator seeks to compel the release of a public record, but it cannot be discerned from his complaint what that record is.

{¶8}    Accordingly, respondent's motion to dismiss is granted. Relator's complaint is hereby dismissed for noncompliance with the affidavit requirement in R.C. 2969.25(A) and failure to state a claim upon which relief can be granted.

ROBERT J. PATTON, P.J., EUGENE A. LUCCI, J., SCOTT LYNCH, J., concur.

Case No. 2025-A-0030

# JUDGMENT ENTRY

For the reasons stated in the per curiam opinion of this court, respondent's motion to dismiss is granted, and relator's complaint for a writ of mandamus is hereby dismissed.

Costs to be taxed against relator.

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs


_____
JUDGE EUGENE A. LUCCI,
concurs


_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-A-0030